■ In the Matter of LAWRENCE TERRACE Co. et al., Appellants, v GUS BENOVA, Respondent.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioners appeal from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated August 26, 1985, which dismissed the petition and granted the cross application by the respondent to confirm said award.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof which denied that branch of the petition which was to vacate the award of damages, and granted that branch of the cross application which was to confirm the award of damages, and substituting therefor a provision granting that branch of the petition which was to vacate the award of damages to the extent of vacating the award of $105,406.56, representing a retroactive wage differential, reducing the award of overtime pay to $25,354.80 and otherwise denying that branch of the petition, and granting that branch of the cross application which was to confirm the award of damages only to the extent of confirming the award of $25,354.80 and otherwise denying that branch of the cross application; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment, the respondent's claim for a retroactive wage differential is severed and that claim is remitted to a new arbitrator for a new hearing on the issue of whether the grievant may be entitled to a retroactive wage differential.

The petitioners are three separate partnership entities which either own or lease three neighboring apartment buildings in Jackson Heights, Queens. In November 1976 the

petitioners employed one building superintendent, Henry Welonek, for the three premises, and each entered into a separate bargaining agreement with the union concerning his employment. Welonek was employed for approximately 4½ years and during that entire period of time, the petitioners paid him, in proportionate share, one full base weekly salary, plus appropriate overtime, and provided him with an apartment at no cost. On April 31, 1981, the petitioners discharged Welonek from his position, and thereafter the union submitted the subject grievance on his behalf for, *inter alia,* a retroactive wage adjustment. For the first time, the union claimed that since three separate agreements had been executed by the petitioners pertaining to each building serviced by Welonek, he was entitled to receive three times the salary he had actually been paid. However, the union also conceded that while each agreement provided for a "standard work week" consisting of "five days (forty hours)", it was not claiming that Welonek actually worked 120 hours per week. Nevertheless, it claimed that Welonek was entitled to the cumulative rate for three superintendents' salaries. The union also maintained that he should be compensated for 12 hours per week overtime which the employers specifically mandated that the superintendent work each week throughout the entire period of his employment.

During the hearing before the arbitrator, Welonek testified that when he was hired, he was informed that he would be responsible for the three buildings and he understood that in return, he would receive one base salary for a 40-hour work week with an apartment in one of the buildings as his residence. Although he admitted that he received some overtime pay for certain work, he stated that he never received compensation for the extra 12 hours per week for which he was regularly scheduled to be on duty.

Hyman Muss, one of the partners who testified on behalf of the employers, stated that he had expressly questioned the union delegate as to why three agreements were necessary concerning the superintendent's employment when it was understood that only one full salary would be paid for his services in charge of all three buildings. According to Muss, the delegate explained that the separate agreements were needed in the event that a sale of any one building was made. Pursuant to this understanding, each of the employers continued the practice of paying the one superintendent a proportionate share of his salary with the result that he was paid one full salary for taking care of the three buildings.

Gene Feinerman, who was in charge of the office managing the subject premises, testified that at the time Welonek was hired, he informed him that he would receive no extra pay for overtime. He admitted that at the present time the new superintendent did receive such pay.

Following the hearing, in an opinion and award dated November 19, 1984, the arbitrator awarded Welonek the total sum of $181,470.96, representing a wage differential in the amount of $105,406.56 and overtime pay in the amount of $76,064.40. In his opinion the arbitrator stated: "Based on the substantial credible evidence of the case as a whole I find that Lawrence Terrace Company failed to meet its obligations under the Collective Bargaining Agreements. Lawrence Terrace benefited from this failure in not having to pay various fund payments on behalf of two additional superintendents and in having two additional apartments for rental."

The arbitrator arrived at the wage differential figure calculated upon the base salary amount required for various periods of time under each of the collective bargaining agreements for the full term of his employment from November 1976 to April 1981, treating each of the three buildings as separate employments. The retroactive overtime pay awarded was calculated at the rate of time and one half at the cumulative superintendent wage rate under the three collective bargaining agreements in effect during Welonek's employment.

The award was thereafter modified upon the application of the union to reflect the proper allocation of the amount due and owing from each of the individual petitioners, as employers.

In the first instance we find that the portion of the arbitrator's decision awarding the grievant triple salary in the amount of $105,406.56 was arbitrary, capricious and exceeded the arbitrator's discretion (see, *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308, *rearg denied sub nom. Norris v Cooper*, 62 NY2d 803; *Matter of Riverbay Corp. [Local 32-E]*, 91 AD2d 509). At the outset of the hearing, the union conceded that aside from certain claimed overtime, the grievant had continuously worked only one standard 40 hour work week, apparently dividing his time among the three premises. Also, the grievant himself admitted that at the time he was hired he understood that he was to receive one base weekly salary paid in proportionate share by the petitioners. It was not until the time of the grievant's discharge, 4½ years later, that this arrangement was objected to by the union and Welonek. The

arbitrator's award of $105,406.56 as a wage differential is thus completely irrational in that it provides the grievant with compensation as if he had worked 120 hours per week or three standard work weeks. Accordingly, that portion of the arbitrator's award is vacated and the matter remitted for a new hearing pursuant to CPLR 7511 (d) before a new arbitrator *(see, East Ramapo Cent. School Dist. v East. Ramapo Teachers Assn.,* 108 AD2d 717) to determine what, if any, retroactive wage differential award the grievant may be entitled to under article 10, paragraph 43, section 2 (d) of the collective bargaining agreement consistent with this decision.

With respect to the issue of overtime pay, we find the award of $76,064.40 to be similarly irrational because it, in effect, compensates Welonek for having worked 36 hours per week when his claim was for only 12 hours per week overtime. However, we agree with the arbitrator's finding that Welonek is entitled to receive compensation for the 12 additional hours per week which the employers mandated that he be on duty in addition to his standard work time. This amount should be calculated at a rate of time and a half, as was done by the arbitrator, but not tripled. Accordingly, that branch of the award granting retroactive overtime pay should have been confirmed to the extent that it grants the grievant the total amount of $25,354.80 in overtime pay to be divided and paid in equal shares by each of the petitioners.

We have reviewed the petitioners' remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.