■ GRETCHEN L. JOHNSTON, Respondent, v OSWALD L. JOHNSTON, JR., Appellant.—Judgment (denominated order) of the Supreme Court, New York County (Bruce McM. Wright, J.), entered August 1, 1989, which denied respondent's motion to confirm an award in arbitration, vacated the award, and remanded for a new hearing before a different arbitrator, is unanimously modified, on the law and facts, solely to vacate that portion of the award which ruled upon respondent's support obligations to Anthony and remanded for a new hearing before the same arbitrator on that issue only, and the award is otherwise affirmed, without costs or disbursements.

The parties were married in September 1965 and in April 1966 the child, Anthony, was born. Prolonged negotiations throughout all of 1967 and most of 1968 led to the execution of the separation agreement on November 1, 1968. The agreement provides, generally, that the petitioner wife would have custody of the child and would receive alimony in a stated amount while the child resided with her, subject to increase depending on any diminution of the wife's income. Further, the agreement provided that the husband would fund a trust with assets valued at $100,000 for the benefit of the child, pay child support in the amount of $7,500 yearly, and provide an apartment for the use of the petitioner and the child.

The child, Anthony, unfortunately was, and is, mentally handicapped, and since September 1975 has resided in a residential facility. In April 1987, when Anthony became 21

years of age, disputes arose between the parties as to the respondent husband's obligations under the separation agreement, and the wife as petitioner commenced this arbitration proceeding. After hearing, the arbitrator ruled that petitioner was not entitled to continued use of the apartment; the petitioner was entitled to a supplemental alimony in the approximate amount of $17,000 subject to various offsets; that with regard to the child support, the respondent husband would pay the fees for the child's residential care facility directly to the care facility, and that while on leave from the facility, respondent would pay "not more than 30%" of various monthly rental expenses for premises occupied by the petitioner, and that petitioner was not entitled to upward modification of alimony.

Subsequent to the rendering of the award, the respondent husband sought clarification regarding respondent's support obligations for Anthony but the arbitrator declined to do so absent consent of the petitioner.

Upon motion to confirm the award, the IAS court found that the separation agreement was ambiguous as to petitioner's right to continued use of the apartment, but found that it was unnecessary to vacate the award on this basis in view of the conflicting award issued by the arbitrator with regard to the support obligations of the respondent. The court, therefore, set aside the entire award and remanded for a new hearing before a different arbitrator.

With respect to the issue of respondent's support obligations the arbitrator held, in point 3, that respondent's contention that he is entitled to a credit against his support obligations for Anthony in an amount equal to amounts received by Anthony of income from the trust is contrary to the terms of Anthony's trust and beyond the authority of the arbitrator. However, in section A under point 3, the same award then states that the amount of respondent's obligations for the care facility expenses shall be "reduced to the extent of any third-party payment toward said charges—including, but not limited to, payment from any trust or estate". Further, section C provides that respondent's support obligations thereunder shall be reduced by the extent of any payment of income from the trust, provided that such trust income payments were not used to defray respondent's support obligations under section A.

Clearly, as the IAS court properly found, the award in this regard was contradictory. Where an award is confusing and

contradictory, vacatur of the award is warranted (*Matter of Kalgren [Central Mut. Ins. Co.]*, 68 AD2d 549). Moreover, in that part of the award which provided that respondent would pay Anthony's "fair share" of monthly rental expenses for premises occupied by the petitioner while Anthony is on leave from the care facility and living with petitioner, the award provided that such fair share would consist of "not more than 30%" of various household expenses including "shelter cost, gas, electric, water", etc. Even if the award is construed as requiring a 30% payment, the award fails to define the meaning of "shelter cost" or whether the 30% payment is to be applied to the entire monthly expense or only that portion of the month during which Anthony resides with his mother. An arbitration award must be vacated if it is so imperfectly drafted that a final and definite award cannot be said to have been made (*see,* CPLR 7511 [b] [1] [iii]), and the dispute is not settled, relegating the parties to new controversies or future litigations in order to ascertain their rights (*Matter of Guetta [Raxon Fabrics Corp.]*, 123 AD2d 40).

The second point in issue is the wife's right to continued occupancy of the apartment purchased under the separation agreement as a residence for the wife and child. In this regard, the separation agreement provided: "SEVENTH: As an additional provision for the support and maintenance of the Child, the Husband has purchased an apartment which the parties have agreed to be satisfactory at this time and which apartment shall be made available to the Child and to the Wife so long as the Wife does not remarry. The Husband shall pay the monthly maintenance charge for the said apartment. Costs of utilities, furniture and remodeling shall be paid by the Wife. In the event it becomes necessary and desirable for the Husband to sell said apartment or for the Wife and Child to live elsewhere, the Husband shall provide or pay for appropriate substitute living quarters. Any decision of the Husband to sell the apartment shall be made in consultation with the Wife and shall not be arbitrary or unreasonable. If the Wife believes it desirable to obtain another apartment in the future, the parties shall consult and the Husband's agreement to make a change shall not be unreasonably withheld."

The arbitrator construed the agreement as meaning that the wife would have no right to continued occupancy of the apartment if the child no longer resided in it. The ambiguity arises because while the provision provides that the "apartment shall be made available to the Child and to the Wife so long as the Wife does not remarry", nevertheless, that phrase

is preceded by the statement that the apartment constitutes "an additional provision for the support and maintenance of the Child".

Courts will not set aside arbitration awards even where the factual findings or the legal conclusions of the arbitrator are unsound *(Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629). The arbitrator's determination, however, must have a rational basis and will be set aside where the award is arbitrary, capricious or exceeds the arbitrator's authority *(Matter of Lawrence Terrace Co. v Benova,* 133 AD2d 689, *appeal dismissed* 70 NY2d 1003).

The IAS court found this provision of the separation agreement to be ambiguous, and we agree. The introductory phrase of the first sentence of the paragraph is completely at odds with the provision that the apartment would be made available to the wife so long as she does not remarry. Since the provision was ambiguous, the evidence before the arbitrator must be examined to ascertain if it was so overwhelmingly in favor of petitioner's claim, i.e., that she had a right to continued usage even if the child did not reside in the apartment, that the award in this respect can be said to be irrational.

Extensive testimony was submitted at the hearing and it appears from this testimony that a bona fide dispute existed on this issue, such that the arbitrator's determination cannot be said to be arbitrary, capricious or without a rational basis.

The final issue presented is whether the arbitrator committed misconduct such that the award should be set aside in its entirety or the matter remanded for a rehearing to a different arbitrator. Petitioner asserts that the arbitrator refused to hear Anthony's testimony. Petitioner sought to have Anthony testify to indicate his desire to return to New York to live with her. Later, petitioner argued that Anthony's testimony was relevant "concerning his belief as to where his home is". However, it appears that petitioner acquiesced in the arbitrator's suggestion that Anthony not be put on the stand until after reports were received from the care facility and "we know what we are doing". While refusal to hear relevant testimony has indeed been said to constitute misconduct on the part of an arbitrator *(Gervant v New England Fire Ins. Co.,* 306 NY 393, 400), it does not appear that a valid and timely objection to such refusal was made nor, indeed, that Anthony had any relevant evidence to add to the proceeding.

Further, there was no misconduct in the arbitrator's ruling that respondent was not required to disclose the principal

amount in trust established for his benefit by his father. The arbitrator ruled that any interest in the principal of the trust was a mere future expectancy as to which New York law did not require disclosure. Whether or not correct, this legal ruling had a rational basis. A mere error of law on the part of the arbitrator does not constitute misconduct. Further, the arbitrator also ruled that petitioner had no right to increased alimony. Therefore, the funds available to the respondent to pay any such increased alimony were irrelevant.

"An award which is valid in part will be sustained to the extent that it is proper, provided that the valid and invalid portions are not inextricably intertwined" (8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7511.10). Here, only the severable portion of the award regarding support to Anthony is inconsistent and, therefore, the IAS court erred in vacating the entire award. Further, remand to a different arbitrator is generally required where there has been some form of misconduct (8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7511.31). Here, since there was no misconduct, and due to the protracted and complex nature of the testimony, there is no reason the remand should be to a different arbitrator. Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ. [See, 162 AD2d 282.]