■ GRETCHEN L. JOHNSTON, Appellant, v OSWALD L. JOHNSTON, JR., Respondent. GRETCHEN L. JOHNSTON, Respondent, v OSWALD L. JOHNSTON, JR., Appellant. [609 NYS2d 15] —Order and judgment (one paper), Supreme Court, New York County (Bruce McM. Wright, J.), entered June 22, 1993 granting respondent's motion to confirm an arbitrator's award which, inter alia, determined respondent was not obligated to make support payments for his son beyond the child's twenty-first birthday, and order of said court and Justice entered on November 10, 1993, which, inter alia, denied without prejudice to renewal respondent's cross-motion for an order vacating a Federal court-ordered stipulation dated June 3, 1987, unanimously affirmed, without costs.

In an earlier appeal (161 AD2d 125, *mod* 162 AD2d 282, *lv dismissed* 76 NY2d 1018), we remanded the matter for a new hearing on the limited issue of respondent's support obligations in respect to his mentally handicapped son. The arbitrator's holding was neither irrational nor violative of a strong public policy and, indeed, was amply supported by the evidence adduced at the arbitration (CPLR 7511 [b]; *Siebert & Co. v Ponmany,* 190 AD2d 544).

The 1987 Federal court's order of remand in this action to the Supreme Court of the State of New York (666 F Supp 626) ended the jurisdiction of the Federal court *(United States v Rice,* 327 US 742, 751-752; *Hunt v Acromed Corp.,* 961 F2d 1079, 1081) and thus allowed the State court to entertain a request to modify or vacate a Federal "so ordered" stipulation between the parties dated June 3, 1987. Nevertheless, the IAS Court did not abuse its discretion in finding that petitioner had not yet engaged in dilatory conduct sufficient to justify directing petitioner, in effect, to vacate the cooperative apartment. Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Asch, JJ.