■ In the Matter of the Arbitration between DEAN S. ALSANTE, Appellant, and ALLSTATE INSURANCE COMPANY, Respondent. [689 NYS2d 321] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In this proceeding pursuant to CPLR article 75, petitioner seeks to vacate an arbitrator's award denying him additional no-fault benefits. In denying petitioner's claim for further wage loss benefits, the arbitrator found that petitioner "would have been laid off effective October 3, 1994 and would have lost his income for reasons unrelated to the accident." That finding was improperly based on an assumption and, as Supreme Court properly determined, is irrational. The court erred, however, in nevertheless confirming the award. We therefore modify the order by vacating the arbitrator's determination that wage loss benefits were properly

denied as of the date of denial (June 30, 1995), and we remit the matter to Supreme Court to appoint a different arbitrator to conduct a new hearing on that issue (*see,* CPLR 7511 [d]; *cf., Matter of Bongiovanni [City of Niagara Falls],* 181 AD2d 1033, 1034; *East Ramapo Cent. School Dist. v East Ramapo Teachers Assn.,* 108 AD2d 717). We note that the arbitrator's finding that petitioner was no longer disabled from working as of August 11, 1995 would indicate that benefits should have been granted to petitioner at least through that date.

Contrary to petitioner's further contention, the arbitrator's determination to deny any further health benefits is founded on a rational basis (*see, Caso v Coffey,* 41 NY2d 153, 158). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Arbitration.) Present—Hayes, J. P., Wisner, Pigott, Jr., and Callahan, JJ.