In the Matter of EDWARD WYDRA et al., Respondents-Appellants, v MENDEL BRACH et al., Appellants-Respondents. [968 NYS2d 910]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated September 22, 2010, the appeal, as limited by the brief, is from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated September 12, 2011, as, upon vacating the award and remitting the matter for a rehearing, directed that the rehearing be held before the same rabbinical court arbitration panel as made the award, and the petitioners cross-appeal from the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

It is within the court's discretion to remit an arbitration matter to the same or a different arbitrator (see East Ramapo Cent. School Dist. v East Ramapo Teachers Assn., 108 AD2d 717 [1985]). Here, the appellants failed to demonstrate bias on the part of the rabbinical court arbitrators who made the arbitration award dated September 22, 2010 (see generally Zrake v New York City Dept. of Educ., 41 AD3d 118 [2007]). The appellants' remaining contentions are without merit. Accordingly, upon vacating the arbitration award and remitting the matter for a rehearing, the Supreme Court did not improvidently exercise its discretion in directing that the rehearing be held before the same rabbinical court arbitration panel as made the award (see Matter of Netsmart Tech., Inc. v Bright, 59 AD3d 167, 168 [2009]; cf. Matter of Lawrence Terrace Co. v Benova, 133 AD2d 689 [1987]).

The cross appeal must be dismissed as abandoned (see Sirma v Beach, 59 AD3d 611 [2009]), as the brief filed by the petitioners does not seek reversal or modification of any portion of the order. Balkin, J.P., Leventhal, Lott and Sgroi, JJ., concur.