Motion by the appellants-respondents for leave to reargue an appeal from an order of the Supreme Court, Kings County, dated September 12, 2011, which was determined by decision and order of this Court dated July 31, 2013, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
Ordered that the branch of the motion which is for leave to reargue is granted, and the motion is otherwise denied; and it is further,
Ordered that, upon reargument, the decision and order of this Court dated July 31, 2013 (Matter of Wydra v Brach, 108 AD3d 776 [2013]), is recalled and vacated and the following decision and order is substituted therefor:
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated September 22, 2010, the appeal, as limited by the brief, is from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated September 12, 2011, as, upon vacating the award, remitted the matter for a rehearing and directed that said rehearing be held before the same rabbinical court arbitration panel as made the award, and the petitioners cross-appeal from the same order.
Ordered that the cross appeal is dismissed as abandoned; and it is further,
Ordered that the order is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the petitioners.
Contrary to the appellants’ contention, the petitioners did not waive their right to a rehearing before an arbitration panel, and the Supreme Court properly directed such a rehearing (see CPLR *866 7510, 7511). In addition, it is within the court’s discretion to remit an arbitration matter to the same or a different arbitrator (see East Ramapo Cent. School Dist. v East Ramapo Teachers Assn., 108 AD2d 717 [1985]). Here, the appellants failed to demonstrate bias on the part of the rabbinical court arbitrators who made the arbitration award dated September 22, 2010 (see generally Zrake v New York City Dept. of Educ., 41 AD3d 118 [2007]). Accordingly, upon vacating the arbitration award and remitting the matter for a rehearing, the Supreme Court did not improvidently exercise its discretion in directing that the rehearing be held before the same rabbinical court arbitration panel as made the award (see Matter of Netsmart Tech., Inc. v Bright, 59 AD3d 167, 168 [2009]; cf. Matter of Lawrence Terrace Co. v Benova, 133 AD2d 689 [1987]). The appellants’ remaining contentions are without merit.
The cross appeal must be dismissed as abandoned (see Sirma v Beach, 59 AD3d 611 [2009]), as the brief filed by the petitioners does not seek reversal or modification of any portion of the order. Balkin, J.E, Leventhal, Lott and Sgroi, JJ., concur.