# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**605**

**CA 15-01676**

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN
MONROE COUNTY SHERIFF PATRICK M. O'FLYNN
AND MONROE COUNTY, PETITIONERS-RESPONDENTS,

|                    |                        |
|--------------------|------------------------|
| AND                | MEMORANDUM AND ORDER   |

MONROE COUNTY DEPUTY SHERIFFS' ASSOCIATION, INC.,
RESPONDENT-APPELLANT.

---

TREVETT CRISTO SALZER & ANDOLINA, P.C., ROCHESTER (DANIEL P. DEBOLT OF COUNSEL), FOR RESPONDENT-APPELLANT.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (MATTHEW D. BROWN OF COUNSEL), FOR PETITIONERS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered May 22, 2015 in a proceeding pursuant to CPLR article 75. The order granted the petition to vacate a January 28, 2015 opinion and award of an arbitrator, vacated that opinion and award and ordered a rehearing before a different arbitrator.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In April 2014, petitioners terminated the position of then Deputy Sergeant Paul Doser following his involvement in a one-car rollover accident, after which it was determined that Doser was driving while intoxicated (DWI). Petitioners charged Doser with five violations: (1) failure to obey Vehicle and Traffic Law § 1192 (3), DWI; (2) failure to obey Vehicle and Traffic Law § 1192 (2-a) (a), aggravated DWI with a blood alcohol content of .18 percent or greater; (3) failure to obey Vehicle and Traffic Law § 1192 (2-a) (b), aggravated DWI with a child in the car; (4) failure to obey Penal Law § 260.10 (1), endangering the welfare of a child; and (5) engaging in conduct unbecoming of his position. As directed by the controlling collective bargaining agreement (CBA), petitioners held a disciplinary hearing at which Doser was represented by respondent, the Monroe County Deputy Sheriffs' Association, Inc. The hearing panel unanimously sustained all five charges and terminated Doser's position. Doser filed a grievance and, pursuant to the CBA, a hearing was held before an arbitrator.

At arbitration, the arbitrator found that certain evidence, including the chemical test results measuring Doser's blood alcohol

content at .18 percent, was inadmissible.  Refusing to consider that evidence, the arbitrator concluded that the second and fifth charges were not supported by clear and convincing evidence.  The arbitrator dismissed those charges, and sustained charges one, three, and four only.  The arbitrator then compared the decision to terminate Doser to the results of other disciplinary matters involving other officers also involved in DWI-related violations.  The arbitrator found that Doser's violations were similar to those in the identified cases, noted that none of the other officers had been terminated, and concluded that Doser's termination was therefore arbitrary and capricious.  The arbitrator concluded that demotion, rather than termination, was appropriate, and ordered that Doser be reinstated and compensated for lost pay.

Petitioners thereafter filed this proceeding pursuant to CPLR 7511, seeking to vacate the arbitrator's determination and award.  Supreme Court found that the arbitrator exceeded his authority by improperly neglecting to consider certain evidence received at the underlying hearing, vacated the award in its entirety, and ordered a rehearing before a different arbitrator.  Respondent appeals, and we affirm.

"Under CPLR 7511 (b) an arbitration award must be vacated if, as relevant here, a party's rights were impaired by an arbitrator who 'exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made' " (*Matter of Kowaleski [New York State Dept. of Correctional Servs.]*, 16 NY3d 85, 90, quoting CPLR 7511 [b] [1] [iii]).  "It is well settled that a court may vacate an arbitration award only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534).  "Outside of these narrowly circumscribed exceptions, courts lack authority to review arbitral decisions, even where 'an arbitrator has made an error of law or fact' " (*Kowaleski*, 16 NY3d at 91, quoting *Falzone*, 15 NY3d at 534).

Here, we conclude that the arbitrator clearly exceeded his authority as provided by the CBA.  The CBA mandated that "[t]he arbitrator shall review the record of the disciplinary hearing and determine if the finding of guilt was based upon clear and convincing evidence."  Rather than comply with that mandate and review the record from the hearing, the arbitrator considered a portion of the record only, deciding to exclude certain evidence from his review.  Having failed to review that which he was required to review, the court properly concluded that the arbitrator exceeded his authority and vacated the arbitration award (*see generally Kowaleski*, 16 NY3d at 91; *Matter of Allstate Ins. Co. v GEICO [Govt. Empls. Ins. Co.]*, 100 AD3d 878, 879; *Matter of State of N.Y. Off. of Mental Health [New York State Correctional Officers & Police Benevolent Assn., Inc.]*, 46 AD3d 1269, 1271, *lv dismissed* 10 NY3d 826).  We reject respondent's contention that any error in this regard was harmless.  As the arbitrator's decision clearly states, the refusal to consider the inappropriately-excluded evidence directly resulted in the dismissal

of two out of the five charges.

We reject respondent's further contention that, even if it was error to exclude certain evidence, that error did not impact the arbitrator's determination that the imposition of the penalty of termination was arbitrary and capricious.  As the arbitrator's decision stated, that determination relied on a comparison between the conduct alleged against Doser and that committed by other officers in other cases cited by respondent.  Having excluded certain evidence against Doser, however, we conclude that the arbitrator made the comparison without the benefit of a full review of the record.

Finally, we reject respondent's alternative contention that the court erred in ordering a rehearing before a different arbitrator.  Upon vacating an arbitration award, a court has the discretion to "order a rehearing and determination of all or any of the issues either before the same arbitrator or before a new arbitrator" (CPLR 7511 [d]; *see Matter of Wydra v Brach*, 114 AD3d 865, 866; *Goldberg v Nugent*, 85 AD3d 459, 459; *East Ramapo Cent. Sch. Dist. v East Ramapo Teachers Assn.*, 108 AD2d 717, 717).  Inasmuch as the arbitrator herein exceeded his authority under the CBA, we conclude that the court did not abuse its discretion in ordering that a different arbitrator conduct the rehearing (*see Goldberg*, 85 AD3d at 459; *Matter of Alsante [Allstate Ins. Co.]*, 259 AD2d 964, 964-965).

Entered:  July 1, 2016                          Frances E. Cafarell
                                                Clerk of the Court