Matter of Hurley v EB Safe, LLC (2023 NY Slip Op 01864)

Matter of Hurley v EB Safe, LLC

2023 NY Slip Op 01864

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Higgitt, JJ. 

Index No. 650033/22 Appeal No. 19 Case No. 2022-02124 

[*1]In the Matter of Mark Hurley, et al., Petitioners-Appellants,
v
EB Safe, LLC et al., Respondents-Respondents.

Brewer, Attorney & Counselors, New York (William A. Brewer IV of counsel), for appellants.
Dechert LLP, New York (Neil A. Steiner of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered March 31, 2022, which, to the extent appealed from, denied the petition to vacate, in part, a partial final arbitration award dated August 18, 2021, as made final in a final award dated September 29, 2021, and granted respondents' cross petition to confirm the arbitration award, unanimously affirmed, with costs.
Petitioners do not show that the arbitration tribunal acted in manifest disregard of applicable law (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 481 [2006], cert dismissed 548 US 940 [2006]; Matter of Daesang Corp. v NutraSweet Co., 167 AD3d 1, 15-16 [1st Dept 2018], lv denied 32 NY3d 915 [2019]), specifically, Delaware's "wrongdoer rule," which provides that, where the existence of damages is certain, and the only uncertainty is as to the amount of damages, the burden of the uncertainty as to the amount is upon the wrongdoer (see e.g. SIGA Technologies, Inc. v PharmAthene, Inc., 132 A3d 1108, 1131, n 132 [Del 2015]). As the motion court found, the tribunal did not ignore the rule, but declined to award damages in petitioners' favor notwithstanding its finding that respondent Alain Lebec committed wrongdoing in connection with the sales process of nonparty Fiduciary Network LLC, because petitioners' proof did not establish that they "actually suffered damages," and not merely because the amount of damages was speculative. In requiring petitioners to show, as a threshold matter, that they "actually suffered damages," the tribunal did not exhibit manifest disregard of the "wrongdoer rule," as that rule does not eliminate the threshold requirement (see SIGA, 132 A3d at 1131; In re Dole Food Co., Inc. Stockholder Litig., 2015 WL 5052214, *44, 2015 Del Ch LEXIS 223, *149-150 [Aug. 27, 2015, No. 8703-VCL]). For the same reason, petitioners' argument that the award should have been vacated on grounds of the tribunal's observation that they had not shown what, if any, damages were attributable to the different aspects of respondents' alleged wrongdoing (see Great Hill Equity Partners IV, LP v SIG Growth Equity Fund I, LLLP, 2020 WL 948513, *20 n 262, 2020 Del Ch LEXIS 76, *55 n 262 [Feb. 27, 2020, No. 7906-VCG], citing OptimisCorp v Waite, 2015 WL 5147038, *81, 2015 Del Ch LEXIS 222, *277-281 [Aug. 26, 2015, No. 8773-VCP], affd 137 A3d 970 [Del 2016]), is unavailing.
The remainder of petitioners' arguments are also unavailing, as they concern the propriety of the arbitration tribunal's determination that, given the purchase price received for Fiduciary Network, petitioners had not proven the existence of damages. For example, petitioners challenge the opinion of the investment banker, engaged to conduct the sales process, that the winning bid constituted "fair consideration," and they argue that the tribunal's conclusion that the price was reasonable "flies directly in the face" of its own "factual findings and record evidence to the contrary." Yet these arguments[*2], which essentially posit that the tribunal made "errors of law and fact," lie beyond the scope of judicial review on a motion to vacate (see Wien & Malkin, 6 NY3d at 479-480; see also Matter of Rose Castle Redevelopment II, LLC v Franklin Realty Corp., 184 AD3d 230, 234 [1st Dept 2020], lv denied 36 NY3d 906 [2021]; Johnston v Johnston, 161 AD2d 125, 128 [1st Dept 1990], appeal dismissed 76 NY2d 1018 [1990]).
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023