■ In the Matter of COUNTY OF NASSAU, Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents. [795 NYS2d 906]—

In a proceeding pursuant to CPLR article 75, inter alia, to vacate an arbitration award dated June 21, 2003, which directed the petitioner County of Nassau to reinstate an employee to his former position as a cook at the Nassau County Correctional Center, the appeal is from an order of the Supreme Court, Nassau County (Martin, J.), entered December 10, 2003, which denied the petition and granted the cross petition to confirm the award.

Ordered that the order is affirmed, with costs.

An arbitration award may not be vacated unless it is irrational, violates a strong public policy, or clearly exceeds a limitation imposed on the arbitrator enumerated in CPLR 7511 (b) (*see Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]). An arbitrator exceeded his or her power under CPLR 7511 (b) (1) (iii) if the award "gave a completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties" (*Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383 [1960]; *see Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582 [1977]). Contrary to the appellant's contention, the arbitrator's determination was within his power and was not irrational. Accordingly, the award was properly confirmed.

The appellant's remaining contentions are without merit. H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.