■ In the Matter of ROBERT STEINBERG, Appellant, v NOVITT & SAHR, Respondent. [863 NYS2d 919]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated September 26, 2006, which awarded Novitt & Sahr two thirds of certain disputed attorney's fees collected by the petitioner, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Agate, J.), entered August 30, 2007, as, upon a decision

of the same court dated May 8, 2007, denied the petition and granted that branch of the cross petition of Novitt & Sahr which was to confirm the arbitration award.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

An arbitration award may not be vacated unless it is irrational, violates a strong public policy, or clearly exceeds a limitation imposed on the arbitrator as enumerated in CPLR 7511 (b) (*see Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.,* 78 NY2d 33, 37 [1991]; *Matter of County of Nassau v Civil Serv. Empls. Assn., Inc.,* 19 AD3d 414, 415 [2005]). An arbitrator exceeds his or her power under CPLR 7511 (b) (1) (iii) if the award "g[ives] a completely irrational construction to the provisions in dispute and, in effect, ma[kes] a new contract for the parties" (*Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383 [1960]; *see Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582 [1977]; *Matter of County of Nassau v Civil Serv. Empls. Assn., Inc.,* 19 AD3d at 415). Contrary to the appellant's contention, the arbitrator's determination was within her power, did not violate a strong public policy, and was not irrational. Accordingly, the award was properly confirmed. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.