The petitioner, Sheriff Officers Association, Inc., on behalf of Kathryn Ranieri, filed a grievance with Nassau County on the ground that the County violated the terms of the parties’ collective bargaining agreement when it “unilaterally sent [Ranieri] to an Independent Medical Examiner” and asked him to opine as to whether Ranieri’s medical condition prevented her from returning to full-time restricted duty. The County denied the grievance.
The petitioner thereafter demanded arbitration of the grievance. The petitioner again asserted that the County violated the terms of the collective bargaining agreement when it directed Ranieri to be evaluated by the independent medical examiner and when it asked him to opine as to whether Ranieri’s medical condition prevented her from returning to full-time restricted duty.
The arbitrator determined, inter alia, that the County properly directed that Ranieri be examined by the independent medical examiner since Ranieri had, in effect and by her conduct, disputed certain portions of a police surgeon’s report relating to her ability to work full time. The arbitrator further determined that the County properly asked the independent medical examiner to opine as to whether Ranieri was capable of working full-time restricted duty, since this issue comprised the parties’ dispute. The arbitrator concluded that the County had not violated the terms of the collective bargaining agreement and upheld the denial of the petitioner’s grievance.
The petitioner commenced this CPLR article 75 proceeding to vacate the arbitrator’s determination on the ground that the arbitrator exceeded his authority in concluding that the County *621 had not violated the terms of the collective bargaining agreement. The Supreme Court concluded that the arbitrator had exceeded his authority, so it granted the petition and vacated the arbitrator’s determination.
“[J]udicial review of arbitration awards is extremely limited” (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006]). In determining any matter arising under CPLR article 75, “the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute” (CPLR 7501). Accordingly, it is “ ‘not for the courts to interpret the substantive conditions of [a] contract or to [otherwise] determine the merits’ ” (Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 82-83 [2003], quoting Board of Educ., Lakeland Cent. School Dist. of Shrub Oak v Barni, 51 NY2d 894 [1980]; see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, 14 NY3d 119, 124 [2010]). “An arbitration award must be upheld when the arbitrator £offer[s] even a barely colorable justification for the outcome reached’ ” (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479, quoting Matter of Andros Cia Maritima, S.A. [Marc Rich & Co., A.G.], 579 F2d 691, 704 [2d Cir 1978]).
The Court of Appeals has recognized “three narrow grounds that may form the basis for vacating an arbitrator’s award— that it violates public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator’s power” (Matter of Shenendehowa Cent. Sch. Dist. Bd. of Educ. [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Local 864], 20 NY3d 1026, 1027 [2013] [internal quotation marks omitted]; see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, 14 NY3d at 124). As relevant here, an arbitrator exceeds his or her power if the award “g[ives] a completely irrational construction to the provisions in dispute and, in effect, ma[kes] a new contract for the parties” (Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383 [1960]; see CPLR 7511 [b] [1] [iii]; Matter of Steinberg v Novitt & Sahr, 54 AD3d 1043, 1044 [2008]).
Here, the arbitrator did not exceed his power in concluding that the County had not violated the terms of the collective bargaining agreement. Under the terms of the collective bargaining agreement, the arbitrator was permitted to resolve a grievance, which is defined as “any dispute . . . with respect to the meaning, interpretation or application of a provision of [the] Agreement.” Accordingly, the arbitrator had the authority *622 to determine whether the County’s actions violated the terms of the collective bargaining agreement, and his determination of that issue did not exceed a specifically enumerated limitation on his power (see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, 14 NY3d at 124; Matter of New York City Tr. Auth. v Transport Workers’ Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]; Matter of Steinberg v Novitt & Sahr, 54 AD3d at 1044; Matter of Matra Bldg. Corp. v Kucker, 2 AD3d 732, 734 [2003]).
The petitioner’s contention that the arbitrator misinterpreted the terms of the collective bargaining agreement constitutes a challenge to the merits of the arbitrator’s determination (see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, 14 NY3d at 124). Since the arbitrator’s determination was not “completely irrational” (Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383 [1960]), the petitioner’s challenge to the merits of the arbitrator’s determination does not provide a ground for vacating that determination (see Matter of New York City Tr. Auth. v Transport Workers’ Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]; Matter of County of Westchester v Doyle, 43 AD3d 1055, 1056 [2007]; Matter of County of Nassau v Civil Serv. Empls. Assn., Inc., 19 AD3d 414, 415 [2005]; Matter of Matra Bldg. Corp. v Kucker, 2 AD3d 732, 734 [2003]; Ropal Constr. Corp. v God’s Battalion of Prayer Church, 305 AD2d 577, 578 [2003]). Eng, P.J., Dillon, Sgroi and Miller, JJ., concur.