Matter of City of Middletown v Weissinger (2020 NY Slip Op 06254)





Matter of City of Middletown v Weissinger


2020 NY Slip Op 06254


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-12666 
2017-12667
 (Index No. 5771/17)

[*1]In the Matter of City of Middletown, appellant,
v
Paul C. Weissinger, et al., respondents.


Coughlin & Gerhart, LLP, Binghamton, NY (Mary Louise Conrow and Shannon E. Kane of counsel), for appellant.
Marilyn D. Berson and John Michael Grant, Newburgh, NY, for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated April 29, 2017, in which Paul C. Weissinger and the City of Middletown Police Benevolent Association, Inc., cross-petitioned to confirm the award, the City of Middletown appeals from (1) an order of the Supreme Court, Orange County (Maria Vasquez-Doles, J.), dated October 24, 2017, and (2) an amended order of the same court dated November 2, 2017. The order and the amended order denied the petition to vacate the arbitration award and granted the cross petition to confirm the arbitration award.
ORDERED that the appeal from the order dated October 24, 2017, is dismissed, as the order was superseded by the amended order dated November 2, 2017; and it is further,
ORDERED that the amended order dated November 2, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In 2016, Paul C. Weissinger, who was employed as a detective by the City of Middletown, applied for General Municipal Law § 207-c benefits. A claims manager denied Weissinger's application as untimely, and the matter proceeded to arbitration pursuant to a collective bargaining agreement (hereinafter the CBA) between the City and Weissinger's union, the City of Middletown Police Benevolent Association, Inc (hereinafter the union). The arbitrator interpreted the disputed provisions of the CBA and found that the claims manager's denial of the application as untimely was not reasonable. The City petitioned to vacate the award and Weissinger and the union cross-petitioned to confirm the award. The Supreme Court denied the petition and granted the cross petition, and the City appeals.
"Judicial review of arbitration awards is extremely limited" (Kotlyar v Khlebopros, 176 AD3d 793, 795, citing Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). "A court may vacate an arbitration award on the ground that the arbitrator exceeded his [or her] powers within the meaning of CPLR 7511(b)(1)(iii) only where the arbitrator's award violates a strong public [*2]policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Soliman v Suffolk County Dept of Pub. Works, 155 AD3d 1049, 1050 [internal quotation marks omitted]; see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534; Matter of Ross v New York City Metro. Tr. Auth., 174 AD3d 627, 627-628). Under the statute, "[a]n arbitrator exceeds his or her powers . . . if the award gives a completely irrational construction to the provisions in dispute and, in effect, makes a new contract for the parties" (Matter of Steinberg v Novitt & Sahr, 54 AD3d 1043, 1044 [internal quotation marks omitted]).
Contrary to the City's contention, the arbitrator's interpretation of the CBA was not irrational, and did not effectively rewrite the agreement (see id. at 1044). Further, the arbitrator did not exceed a specifically enumerated limitation on his authority by construing the CBA's terms in light of testimony as to the past practices of the City and the union (see Matter of Piller v Eisner, 173 AD3d 1035, 1037; Matter of Village of Spring Valley v Policemen's Benevolent Assn. of Vil. of Spring Valley, 271 AD2d 615, 615).
Accordingly, we agree with the Supreme Court's determination denying the petition to vacate the arbitration award and granting the cross petition to confirm the arbitration award.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court