Matter of Village of Spring Val. v Civil Serv. Employees Assn., Inc. (2023 NY Slip Op 01303)

Matter of Village of Spring Val. v Civil Serv. Employees Assn., Inc.

2023 NY Slip Op 01303

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-04971
 (Index No. 37298/19)

[*1]In the Matter of Village of Spring Valley, appellant,
v
Civil Service Employees Association, Inc., et al., respondents.

Blanchard & Wilson LLP, White Plains, NY (Dennis E. A. Lynch of counsel), for appellant.
Charny & Wheeler P.C., Rhinebeck, NY (Nathaniel K. Charny of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated October 3, 2019, the petitioner appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated April 30, 2020. The order, insofar as appealed from, denied the petition to vacate the arbitration award.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The Village of Spring Valley employs court attendants to work in the Village Justice Court. Work assignments for court attendants were historically determined through a seniority bidding process. In August 2018, the Village changed the process by which that work was assigned and began assigning shifts to court attendants without regard to seniority. The respondents, Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Village of Spring Valley Unit, Rockland County Local 844, Robert Nesi, and Victor Reyes, filed a grievance, alleging, inter alia, that the new process by which the Village determined work assignments for court attendants violated, among other things, the "Maintenance of Standards" provision of the collective bargaining agreement (hereinafter the CBA) that covered the employment of court attendants. The "Maintenance of Standards" provision of the CBA provides, "Any benefits heretofore enjoyed by an employee shall not be deemed to have been altered, modified or changed unless expressly so modified, altered or changed by this agreement."
Pursuant to the CBA, the Village and the respondents submitted the grievance to arbitration. Following a hearing and the filing of post-hearing briefs, the arbitrator determined that the Village's new process for assigning work to court attendants violated the "Maintenance of Standards" provision of the CBA. Thereafter, the Village commenced this proceeding pursuant to CPLR article 75 to vacate the arbitration award, alleging, inter alia, that the award was contrary to public policy. The Supreme Court denied the petition, and the Village appeals. We affirm.
"Collective bargaining agreements commonly provide for binding arbitration to settle contractual disputes between employees and management[, and] [i]n circumstances when the parties agree to submit their dispute to an arbitrator, courts generally play a limited role" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326; see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). An application to vacate an [*2]arbitration award may be granted only in narrow circumstances, including where "an arbitrator . . . exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511[b][1][iii]). An arbitrator "exceed[s] [his or her] power within the meaning of the CPLR only when [he or she] issue[s] an award that violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70 [internal quotation marks omitted]; see Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 185 AD3d 811, 811). "A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence" (Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 185 AD3d at 812; see Matter of County of Nassau v Civil Serv. Empls. Assn., 150 AD3d 1230, 1230). "Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d at 326; see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479-480).
Here, the Supreme Court properly determined that the arbitrator's award was neither irrational nor violated a strong public policy, and that the arbitrator did not exceed a specifically enumerated limitation on his authority (see Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 185 AD3d at 812; Matter of Reddy v Schaffer, 123 AD3d 935, 937). Accordingly, the Supreme Court properly denied the petition to vacate the arbitration award.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court