Matter of Dluhy v Sive, Paget & Riesel, P.C. (2023 NY Slip Op 04969)

Matter of Dluhy v Sive, Paget & Riesel, P.C.

2023 NY Slip Op 04969

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-01696
 (Index No. 606922/20)

[*1]In the Matter of Leonore Dluhy, appellant,
v
Sive, Paget & Riesel, P.C., respondent.

Leonore Dluhy, Boston, Massachusetts, appellant pro se.
Sive, Paget & Riesel, P.C., New York, NY (John-Patrick Curran of counsel), respondent pro se.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated April 8, 2020, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered January 21, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate an arbitration award in favor of the respondent, inter alia, awarding it certain disputed attorneys fees. The petitioner had agreed to arbitrate the fee dispute after the respondent commenced an action, among other things, to recover the fees. In a judgment entered January 21, 2021, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"'Judicial review of arbitration awards is extremely limited'" (Matter of City of Middletown v Weissinger, 188 AD3d 670, 671, quoting Kotlyar v Khlebopros, 176 AD3d 793, 795). "Under CPLR 7511, an [arbitration] award may be vacated only if (1) the rights of a party were prejudiced by corruption, fraud or misconduct in procuring the award, or by the partiality of the arbitrator; (2) the arbitrator exceeded his or her power or failed to make a final and definite award; or (3) the arbitration suffered from an unwaived procedural defect" (Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 154-155). "An arbitrator 'exceed[s] [his or her] power within the meaning of the CPLR only when [he or she] issue[s] an award that violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (Matter of Village of Spring Val. v Civil Serv. Empls. Assn., Inc., 214 AD3d 818, 819, quoting American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70). "'A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence'" (Matter of Village of Spring Val. v Civil Serv. Empls. Assn., Inc., 214 AD3d at 819-820, quoting Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 185 AD3d 811, 812).
Here, the petitioner failed to show, by clear and convincing evidence, a basis for vacating the arbitration award pursuant to CPLR 7511 (see Matter of Village of Spring Val. v Civil [*2]Serv. Empls. Assn., Inc., 214 AD3d 818; Matter of Gassman Baiamonte Gruner, P.C. v Katz, 164 AD3d 790). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court