Matter of Hussaini v Hussaini (2025 NY Slip Op 02344)

Matter of Hussaini v Hussaini

2025 NY Slip Op 02344

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2021-04357
 (Index No. 709671/19)

[*1]In the Matter of Batool M. Hussaini, respondent,
v
Syed Moinuddin Hussaini, appellant.

A. Cohen Law Firm, P.C., Valley Stream, NY (Avi Cohen of counsel), for appellant.
Gemelli Gross Shapiro & Marino, Forest Hills, NY (Josephine M. Marino and David M. Gross of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated June 13, 2018, Syed Moinuddin Hussaini appeals from a judgment of the Supreme Court, Queens County (Joseph Risi, J.), entered June 11, 2021. The judgment, upon an order of the same court entered February 2, 2021, granting the petition to confirm the arbitration award and denying the motion of Syed Moinuddin Hussaini, in effect, to vacate the arbitration award, confirmed the arbitration award.
ORDERED that the judgment is affirmed, with costs.
The parties, Batool M. Hussaini (hereinafter Batool) and Syed Moinuddin Hussaini (hereinafter Syed), married in 1983. In May 2018, the parties entered into an agreement to have arbitrators resolve their dispute over certain matters, including the ownership of businesses and real properties. An arbitration award was issued in June 2018. Batool commenced an action for a separation, in which she sought, among other things, the distribution of marital property in accordance with the arbitration award. Subsequently, that action was consolidated with an action for a divorce and ancillary relief that Syed had commenced. Batool also commenced this proceeding to confirm the arbitration award.
In an order entered May 29, 2020, the Supreme Court, inter alia, stayed this proceeding pending a determination in the consolidated matrimonial action of whether to confirm the arbitration award. The court directed Batool to re-notice the petition in this proceeding in the event the court in the consolidated matrimonial action did not hear the issue of whether to confirm the arbitration award or that claim was discontinued. In an order entered July 14, 2020, the court in the consolidated matrimonial action, among other things, relying on the existence of this pending proceeding to confirm the arbitration award, granted that branch of Syed's motion which was to dismiss the cause of action to confirm the arbitration award. Subsequently, Batool re-noticed the petition. Syed moved, in effect, to vacate the arbitration award. In an order entered February 2, 2021, the court granted the petition and denied Syed's motion. A judgment was entered, upon the order, confirming the arbitration award. Syed appeals.
Syed contends that the arbitration agreement is a nuptial agreement under Domestic [*2]Relations Law § 236(B)(3) that is unenforceable because it was not acknowledged (see Galetta v Galetta, 21 NY3d 186; Matisoff v Dobi, 90 NY2d 127). However, for reasons set forth in a related appeal (see Hussaini v Hussaini, ____ AD3d ____ [decided herewith]), Syed is precluded at this juncture from claiming that there was no valid agreement to arbitrate by virtue of his participation in the parties' arbitration (see Zar v Yaghoobzar, 161 AD3d 815, 817; compare CPLR 7511[b][1][i]-[iv], with CPLR 7511[b][2][ii]).
A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence (see Matter of Dluhy v Sive, Paget & Riesel, P.C., 220 AD3d 659, 660). Here, Syed failed to show, by clear and convincing evidence, a basis for vacating the arbitration award. Syed's contention that the arbitrators failed to take the required oath is unpreserved for appellate review and, in any event, was waived (see CPLR 7506[f]). Syed's challenge to the number of arbitrators is without merit since both CPLR 7506(e) and the arbitration agreement permit a majority to render an award, as occurred here.
Syed's remaining contentions are unpreserved for appellate review and, in any event, without merit.
Accordingly, we affirm the judgment.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court