[942 NE2d 291, 917 NYS2d 82]

In the Matter of the Arbitration between Barbara Kowaleski, Appellant, and New York State Department of Correctional Services, Respondent.

Argued November 16, 2010; decided December 21, 2010

**POINTS OF COUNSEL**

*Oliver Law Office*, Albany (*Lewis B. Oliver, Jr.*, of counsel), for appellant. I. The arbitrator exceeded his power and ignored the strong public policy contained in Civil Service Law § 75-b to protect public employees from retaliation for disclosing improper governmental action to the Department of Correctional Services. (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623; *Matter of Obot [New York State Dept. of Correctional Servs.]*, 89 NY2d 883; *Rosenblum v Steiner*, 43 NY2d 896; *Durst v Abrash*, 22 AD2d 39, 17 NY2d 445; *Garrity v Lyle Stuart, Inc.*, 40 NY2d 354; *Matter of Candor Cent. School Dist. [Candor Teachers Assn.]*, 42 NY2d 266; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774; *Matter of Aimcee Wholesale Corp. [Tomar Prods.]*, 21 NY2d 621; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321; *Hanley v New York State Exec. Dept., Div. for Youth*, 182 AD2d 317.) II. The award should be vacated on the grounds that the arbitrator exceeded his power pursuant to CPLR 7511 (b) (1) (iii) because the arbitrator ignored a specific limitation on his authority contained in Civil Service Law § 75-b to protect public employees from retaliation. (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321; *Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907; *Matter of Obot [New York State Dept. of Correctional Servs.]*, 224 AD2d 1006;

*Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566; *Shaw v Baldowski*, 192 Misc 2d 635; *Matter of Plante v Buono*, 172 AD2d 81.) III. The award with respect to charges one and three should be vacated pursuant to CPLR 7511 (b) (1) (iii) on the grounds that the arbitrator's determination that Officer Kowaleski's statement jeopardized the security of another officer and/or his family and the determination that she was insubordinate to a sergeant are totally irrational, there is no proof whatsoever to justify the finding, the finding is not supported by evidence or other basis in reason on the records, and it is arbitrary and capricious. (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321; *Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907; *Matter of NFB Inv. Servs. Corp. v Fitzgerald*, 49 AD3d 747; *Matter of Murray v Murphy*, 24 NY2d 150; *Matter of Regional Tr. Serv. [Amalgamated Tr. Union, Local 282]*, 267 AD2d 941; *Matter of Gang v Guido*, 185 AD2d 272; *Matter of Griffin v Thompson*, 202 NY 104; *Herod v Board of Educ. of Hempstead Pub. School Dist.*, 90 AD2d 841.)

*Andrew M. Cuomo, Attorney General*, Albany (*Frank K. Walsh, Barbara D. Underwood* and *Andrew D. Bing* of counsel), for respondent. I. The arbitral award upholding petitioner's discharge does not violate strong and well-defined public policy. (*Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623; *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1; *Matter of New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO, Local 100*, 220 AD2d 749; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332; *Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 548 US 940.) II. There is no other basis to vacate the arbitral award. (*Matter of Obot [New York State Dept. of Correctional Servs.]*, 89 NY2d 883; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321; *Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566; *Matter of Colao v Village of Ellenville*, 223 AD2d 792, 87 NY2d 1041; *Matter of Brey v Board of Educ. of Jeffersonville-Youngsville Cent. School Dist.*, 245 AD2d 613; *Matter of Plante v Buono*, 172 AD2d 81, 79 NY2d 756; *Caso v Coffey*, 41 NY2d 153; *Matter of NFB Inv.*

*Servs. Corp. v Fitzgerald*, 49 AD3d 747; *Matter of Peckerman v D & D Assoc.*, 165 AD2d 289; *Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 548 US 940.)

*Amanda J. Velazquez*, Albany, and *Nancy E. Hoffman* for Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, amicus curiae. I. The arbitrator's award should be vacated because it violated public policy by denying Ms. Kowaleski statutory protections against retaliation for whistleblower activity. (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623; *Sabetay v Sterling Drug*, 69 NY2d 329; *Hanley v New York State Exec. Dept., Div. for Youth*, 182 AD2d 317; *Obot v New York State Dept. of Correctional Servs.*, 256 AD2d 1089; *Matter of Professional Staff Congress-City Univ. of N.Y. v New York State Pub. Empl. Relations Bd.*, 7 NY3d 458; *Matter of Civil Serv. Empls. Assn. v Newman*, 88 AD2d 685.) II. The arbitrator's award should be vacated because the arbitrator exceeded his power which was expressly limited by the statutory requirement to consider and determine the merits of Ms. Kowaleski's whistlebower defense. (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299.) III. The award should be vacated because the arbitrator failed to determine whether the charges against Ms. Kowaleski were initiated and pursued in retaliation for whistleblower activity. (*Matter of Obot [New York State Dept. of Correctional Servs.]*, 89 NY2d 883; *Treglia v Town of Manlius*, 313 F3d 713; *Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566.)

### OPINION OF THE COURT

CIPARICK, J.

Petitioner Barbara Kowaleski began her employment with the State Department of Correctional Services (DOCS) as a correction officer in 1981, and was assigned to the Hale Creek Correctional Facility (Hale Creek) in 1995. In October 2004, she was served with a notice of discipline (Notice) charging her with violating provisions of the employees' manual on three separate occasions in September and October 2004:[1] (1) in September

---

**1.** In 2003, Kowaleski had received two notices of discipline, both with dismissal from service as the proposed penalty. In the resulting arbitration, she testified that she had reported a fellow correction officer's misconduct in 2002, and was frequently harassed at work. While noting that it was "not within [his] authority to make a determination of whether harassment occurred," the arbitrator observed that Kowaleski was "the object of animosity and/or harassment" by some of her fellow officers, and that the harassment "may have originated when CO Kowaleski informed her supervisor of the

2004, she allegedly "made inappropriate comments of a personal nature about another staff member in the presence of staff and inmates"; (2) in October 2004, she allegedly argued with a fellow employee; and (3) also in October 2004, she allegedly was "disrespectful and insubordinate" when she ignored a superior's order to stop interrupting another employee. The Notice called for her termination and the loss of any accrued leave. Kowaleski filed a grievance and, pursuant to a collective bargaining agreement (CBA), a hearing was held before an arbitrator.

At the start of the hearing, Kowaleski argued that the disciplinary action was only being brought to retaliate against her for reporting a fellow officer's misconduct in 2002, and that she was entitled to raise this as an affirmative defense pursuant to Civil Service Law § 75-b, which prohibits public employers from retaliating against employees for reporting their coworkers' improper conduct.[2] The arbitrator determined that because the CBA limited his authority "to determinations of guilt or innocence and the appropriateness of proposed penalties," he lacked authority to consider Kowaleski's retaliation defense. He noted, however, that he would consider evidence of retaliation when determining witness credibility and "in the larger context of guilt or innocence."

In January 2007, the arbitrator found Kowaleski guilty of two of the three charges and determined that termination was appropriate. He found that Kowaleski had, in the presence of inmates, asked if a fellow officer's son had been shot, potentially endangering the officer and his family, and that she had insubordinately ignored a superior's instructions. The arbitrator noted that, under the CBA, an employee can only be disciplined for "just cause," which requires, among other things, that the employer made a "fair and objective investigation," that "the employer's action was non-discriminatory," and that "the penalty is reasonably related to the seriousness of the

---

[2002] incident." He found her guilty of some of the disciplinary charges and imposed a 60-day suspension.

**2.** Kowaleski testified that, in 2002, she observed a fellow officer use excessive force on an inmate, and she refused to sign a report that she had witnessed the inmate assault the officer. The sergeant who was supposed to be supervising when the incident occurred told Kowaleski to "[k]eep [her] mouth shut or else [she] would be escorted off the premises." A group of her coworkers began harassing her, and the harassment escalated after she reported the incident to the administration. A retired correction sergeant who had last worked at Hale Creek in 2005 testified that Kowaleski "couldn't make a move without getting blamed for something."

offense." After finding Kowaleski guilty, the arbitrator concluded that there was "just cause" for the penalty of discharge, which was not "arbitrary, capricious, unreasonable, or excessive."

Kowaleski filed this CPLR 7511 petition seeking a declaration (1) vacating the arbitrator's opinion and award, and (2) directing that the charges in the Notice be dismissed or remanded for a new hearing before a different arbitrator. DOCS moved to dismiss the petition. Supreme Court found that the arbitrator exceeded his power by ignoring Civil Service Law § 75-b, but concluded that because this was an error of law, the award should not be vacated. The court further reasoned that section 75-b only precludes disciplinary action "taken *solely* in retaliation," and here witness testimony provided a "separate and independent" basis for the action. Supreme Court found that the arbitrator's findings and award were rational.

The Appellate Division affirmed, with two Justices dissenting. The majority found that although the arbitrator "incorrectly stated that it was beyond his jurisdiction to consider petitioner's claim of retaliation, this error of law does not warrant vacating the award under the circumstances," given the arbitrator's rational and supported finding that Kowaleski was guilty of two of the charges (*Matter of Kowaleski [New York State Dept. of Correctional Servs.]*, 61 AD3d 1081, 1083 [3d Dept 2009]). Moreover, the majority reasoned, the arbitrator did consider "evidence of retaliation in weighing witness credibility and assessing petitioner's guilt" (*id.*). Two Justices dissented on the grounds that Kowaleski was "deprived of her right to have the arbitrator determine . . . the specific factual issue of whether the disciplinary charges were, in the first instance, initiated and pursued to retaliate for the prior matters" (*id.* at 1085 [brackets and internal quotation marks omitted]). Kowaleski appealed as a matter of right pursuant to CPLR 5601 (a). We agree with the dissenting Justices and now reverse.

Under CPLR 7511 (b) an arbitration award must be vacated if, as relevant here, a party's rights were impaired by an arbitrator who "exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]). It is well-settled that an arbitrator "exceed[s] his power" under the meaning of the statute where his "award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d

332, 336 [2005]; *see also Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530 [2010]). Outside of these narrowly circumscribed exceptions, courts lack authority to review arbitral decisions, even where "an arbitrator has made an error of law or fact" (*Falzone*, 15 NY3d at 534).

Here, the arbitrator clearly exceeded a "specifically enumerated limitation" on his power. As the courts below found, and DOCS concedes, the arbitrator not only had authority to consider Kowaleski's retaliation defense, but was required to do so. Civil Service Law § 75-b prohibits a public employer from taking disciplinary action to retaliate against an employee for reporting "improper governmental action" (Civil Service Law § 75-b [2] [a]). If "the employee reasonably believes dismissal or other disciplinary action would not have been taken but for" the whistleblowing, the employee "may assert such as a defense before the designated arbitrator or hearing officer" (Civil Service Law § 75-b [3] [a]). Whatever the terms of the CBA, "[t]he merits of such defense *shall be considered and determined* as part of the arbitration award or hearing officer decision" (*id.* [emphasis added]). In short, the statute requires the arbitrator to consider and determine the merits of an employee's retaliation defense where such a defense is raised (*cf. Matter of Obot [New York State Dept. of Correctional Servs.]*, 89 NY2d 883, 885-886 [1996] [award not vacated where an employee failed to raise the retaliation defense in the arbitration and the arbitrator did not consider it]). If the arbitrator or hearing officer finds that "the dismissal or other disciplinary action is based solely" on the employer's desire to retaliate, the disciplinary proceeding must be dismissed (Civil Service Law § 75-b [3] [a]). Therefore, the arbitrator's finding here that he did not have authority under the CBA to consider Kowaleski's retaliation defense was not only incorrect as a matter of law, but also in excess of an explicit limitation on his power. Because he failed to consider and determine the defense, the award must be vacated.

Contrary to DOCS' position, it was not enough for the arbitrator to hear evidence of retaliation in the context of making determinations as to witness credibility and deciding Kowaleski's guilt. A disciplinary action may be retaliatory even where an employee is guilty of the alleged infraction. Under Civil Service Law § 75-b (3), an arbitrator is required to dismiss a disciplinary action based solely on retaliatory motive, regardless of the employee's guilt or innocence (*see* Civil Service Law § 75-b [2] [a]; [3] [a]). This separate retaliation inquiry is critical. In

order to be effective, whistleblower protections like those embodied in Civil Service Law § 75-b must shield employees from being retaliated against by an employer's selective application of theoretically neutral rules. Thus, a separate determination regarding the employer's motivation in bringing the action is necessary if section 75-b is to truly "establish[ ] a major right for employees—the right to speak out against dangerous or harmful employer practices" (Governor's Approval Mem, Bill Jacket, L 1984, ch 660, at 5).

Because we find that the arbitrator's failure to separately consider and determine Kowaleski's affirmative defense of retaliation on the merits requires the award to be vacated, we decline to reach Kowaleski's other arguments. We note, however, that she has requested that any rehearing be before a different arbitrator. That request should be ruled on by Supreme Court in the exercise of its discretion.

Therefore, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, petitioner's application to vacate the arbitration award granted, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order, insofar as appealed from, reversed, etc.