Matter of Dedvukaj v Shkreli (2020 NY Slip Op 01159)





Matter of Dedvukaj v Shkreli


2020 NY Slip Op 01159


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-11800
2018-03363
 (Index No. 51103/17)

[*1]In the Matter of Victor Dedvukaj, respondent,
v
Robert Shkreli, appellant.


Joseph A. Altman, P.C., Bronx, NY, for appellant.
Arnold E. DiJoseph, P.C., New York, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated December 13, 2016, Robert Shkreli appeals from (1) an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated July 11, 2017, and (2) a judgment of the same court dated October 19, 2017. The order granted the petition to confirm the arbitration award. The judgment, upon the order, is in favor of the petitioner and against Robert Shkreli in the principal sum of $803,988.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The appeal from the order dated July 11, 2017, must be dismissed because the right of direct appeal therefrom terminated upon the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In April 2014, Victor Dedvukaj and Robert Shkreli entered into an exclusive right to sell agreement (hereinafter the agreement). Pursuant to the agreement, Dedvukaj agreed to serve as the exclusive agent to sell five properties. The list price for the properties was to be $26,000,000, and Dedvukaj was to receive 3 percent of the selling price as a commission. Any claims or disputes that arose from the agreement were to be arbitrated. In April 2015, Dedvukaj served a demand for arbitration on Shkreli, seeking to recover $780,000 as commission under the agreement. Shkreli did not appear at the arbitration hearings, but was represented by counsel. In December 2016, the arbitrator directed Shkreli to pay Dedvukaj, inter alia, $780,000 with statutory interest thereon.
In January 2017, Dedvukaj commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award. Shkreli opposed the petition on the ground, inter alia, that the [*2]award was irrational. In an order dated July 11, 2017, the Supreme Court granted the petition to confirm the arbitration award. Subsequently, judgment was entered in favor of Dedvukaj and against Shkreli in the principal sum of $803,988. Shkreli appeals.
"Judicial review of arbitration awards is extremely limited" (Kotlyar v Khlebopros, 176 AD3d 793, 795; see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). Courts may vacate an arbitration award only on the grounds stated in CPLR 7511(b). One such ground is that the arbitrator exceeded his or her power (see CPLR 7511[b][iii]). "Such an excess of power occurs only where the arbitrator's award (1) violates a strong public policy, (2) is irrational, or (3) clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Local 342 v Town of Huntington, 52 AD3d 720, 721). "Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326; see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479-480; Matter of Liberty Mut. Ins. Co. v Sedgewick of N.Y., 43 AD3d 1062, 1063).
An arbitration award is irrational only where there is no evidence whatever to justify the award, or where the award gave a completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties (see Matter of Reddy v Shaffer, 123 AD3d 935, 937; Matter of Matra Bldg. Corp. v Kucker, 2 AD3d 732, 734). Here the arbitrator's determination was supported by evidence in the record, and was not irrational (see Matter of Barella v State of New York Off. of Mental Health, 175 AD3d 495, 496; Matter of Fagan v Village of Harriman, 140 AD3d 868, 869; Matter of Reddy v Shaffer, 123 AD3d at 937).
Shkreli's contention that the arbitration award violates strong public policy underlying the requirements in Real Property Law § 442-d, raised for the first time on appeal, is not properly before this Court (see Matter of Bart v Miller, 302 AD2d 379, 380; see also Matter of County of Suffolk v Faculty Assn. of Suffolk County Community Coll., 247 AD2d 472, 472).
The parties' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting the petition to confirm the arbitration award.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court