Matter of City of Yonkers v Police Benevolent Assn. of the City of Yonkers (2022 NY Slip Op 06241)

Matter of City of Yonkers v Police Benevolent Assn. of the City of Yonkers

2022 NY Slip Op 06241

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2019-10894
 (Index No. 63565/18)

[*1]In the Matter of City of Yonkers, appellant, 
v
Police Benevolent Association of the City of Yonkers, respondent.

Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney of counsel), for appellant.
Gleason, Dunn, Walsh & O'Shea, Albany, NY (Ronald G. Dunn and Christopher M. Silva of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated August 9, 2019. The order granted the respondent's motion to confirm an arbitration award dated May 8, 2019, and denied the petitioner's cross motion to vacate the arbitration award.
ORDERED that the order is affirmed, with costs.
The parties entered into a collective bargaining agreement (hereinafter the CBA) that was effective from July 1, 2009, to June 30, 2019. In 2008, the Yonkers Police Department (hereinafter the YPD) issued a policy providing, inter alia, that its police officers could not work more than 60 hours of overtime in a pay period without supervisory approval. In 2010, the YPD revised the policy, among other things, by reducing the maximum number of overtime hours permitted in a pay period without approval to 50.
In 2011, the respondent filed an improper practice charge with the New York State Public Employment Relations Board (hereinafter the PERB) challenging the 2010 change to the overtime policy. The parties thereafter commenced negotiations regarding the respondent's improper practice charge and orally agreed, inter alia, that the YPD would reinstitute the 60-hour overtime cap and make no further restrictions without negotiating with the respondent. The respondent thereafter withdrew its improper practice charge.
In July 2018, the YPD reduced the maximum number of overtime hours permitted in a pay period without supervisory approval to 40. The respondent filed an improper practice charge with PERB, filed a grievance with the petitioner, and served a demand for arbitration on the petitioner, seeking, inter alia, rescission of the 2018 policy. The petitioner then commenced this proceeding pursuant to CPLR article 75 to permanently stay the arbitration. The Supreme Court denied the petition, and the parties proceeded to arbitration.
After a hearing, the arbitrator issued an award in favor of the respondent, determining [*2]that the petitioner had violated the terms of the CBA by reducing the overtime cap and directing the petitioner to rescind the overtime restrictions in the 2018 policy and restore the 2011 policy permitting up to 60 hours of overtime in a pay period without supervisory approval. Thereafter, the respondent moved to confirm the award, and the petitioner cross-moved to vacate the award. The Supreme Court granted the respondent's motion and denied the petitioner's cross motion. The petitioner appeals.
An arbitration award shall be vacated if, as relevant here, "a party's rights were impaired by an arbitrator who 'exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made'" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90, quoting CPLR 7511[b][1][iii]). "'[A]n arbitrator 'exceed[s] his [or her] power' under the meaning of [CPLR 7511(b)(1)(iii)] where [the] 'award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d at 90, quoting Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336; see Matter of Panos v Mid Hudson Med. Group, P.C., 204 AD3d 1016, 1017-1018). "The burden is on the movant to establish grounds for vacatur by clear and convincing evidence" (Matter of Panos v Mid Hudson Med. Group, P.C., 204 AD3d at 1018). "'Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one'" (Matter of Dedvukaj v Shkreli, 180 AD3d 895, 897, quoting Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326).
Here, the Supreme Court properly granted the respondent's motion to confirm the arbitration award and denied the petitioner's cross motion to vacate the arbitration award, as the award, which rested upon an interpretation of the CBA, did not violate a strong public policy, was not irrational, and did not clearly exceed a specifically enumerated limitation of the arbitrator's power (see Matter of City of Long Beach v Long Beach Professional Firefighters Assn., Local 287, 143 AD3d 710, 710; Structure Tek Constr., Inc. v Waterville Holdings, LLC, 140 AD3d 1151, 1152; Matter of Board of Educ. of City School Dist. of City of N.Y. v United Fedn. of Teachers, Local 2, Am. Fedn. of Teachers, AFL-CIO, 304 AD2d 826, 827). Contrary to the petitioner's contention, the arbitrator's determination that Article 27 of the CBA applies to the oral agreement between the YPD and the respondent, which provided that the YPD would reinstitute the 60-hour overtime cap and impose no further restrictions, was supported by the record, was not irrational, and did not rewrite the terms of the CBA.
The petitioner's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court