Matter of Greco (DeVillez) (2023 NY Slip Op 00136)

Matter of Greco (DeVillez)

2023 NY Slip Op 00136

Decided on January 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 12, 2023

534139
[*1]In the Matter of the Arbitration between John J. Greco, Respondent, and Vanessa DeVillez, Appellant.

Calendar Date:November 18, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Vanessa DeVillez, Greenbrier, Tennessee, appellant pro se.
John J. Greco, Kingston, respondent pro se.

Pritzker, J.
Appeal from an order of the Supreme Court (Christopher E. Cahill, J.), entered August 26, 2021 in Ulster County, which, in a proceeding pursuant to CPLR article 75, denied respondent's motion to vacate a default judgment.
Respondent hired petitioner as counsel to sell her residence and defend her against a breach of contract claim related to the property. The parties entered into a retainer agreement (hereinafter the agreement) providing that respondent was to pay $5,000 as a retainer fee; the eventual amount to be paid by respondent was dependent upon established hourly time charges and any out-of-pocket disbursements. A rider to the agreement, that was not signed by petitioner, stated that petitioner would provide prior notification to respondent if the legal fees would exceed the $5,000 retainer. Nevertheless, petitioner agreed via email to alert respondent if the retainer was exhausted before continuing representation. Following the closing on respondent's home, petitioner issued a final bill for legal services in the amount of $3,669 beyond the initial retainer fee, without any prior notification to respondent that the legal services would exceed the retainer. Respondent did not pay petitioner and, instead, requested a fee arbitration of the $3,669 additional fee. Following an arbitration hearing, the arbitrator found in favor of petitioner, determining that respondent owed $3,669. Respondent thereafter sent letters to multiple Supreme Court Justices seeking to vacate the award "pursuant to CPLR 7511," but did not commence a special proceeding.
Thereafter, petitioner commenced this proceeding pursuant to CPLR 7510 to confirm the arbitration award. Respondent did not appear, and a default judgment was entered by Supreme Court. Respondent then moved to vacate the default judgment pursuant to CPLR 5015 (a) (1) and (4). In a supporting affidavit, respondent claimed that her letter seeking to vacate the arbitration award was timely filed within 30 days of issuance of the award. The court denied respondent's motion to vacate, finding that even if respondent were able to demonstrate a reasonable excuse for the default, she has no potentially meritorious defense. Respondent appeals.
Pursuant to CPLR 5015 (a), a "court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of," as is relevant here, "excusable default" or "lack of jurisdiction to render the judgment or order" (CPLR 5015 [a] [1], [4]). We turn first to the CPLR 5015 (a) (4) ground, in which respondent asserts that she was not properly served in Tennessee with the notice of petition and petition seeking to confirm the arbitration award. Pursuant to CPLR 313, most in-state service methods are applicable outside of New York. Here, as attested by the process server, after four failed attempts at personal service pursuant to CPLR 308 (1), respondent was [*2]properly served via CPLR 308 (4) and she failed to raise any legitimate issues to rebut the presumption of proper service (see Christiana Bank & Trust Co. v Eichler, 94 AD3d 1170, 1171 [3d Dept 2012]; U.S. Bank Natl. Assn. v Vanvliet, 24 AD3d 906, 908 [3d Dept 2005]).
Respondent's claim of excusable default pursuant to CPLR 5015 (a) (1) is equally without merit as she failed to demonstrate a reasonable excuse for the default and a potentially meritorious defense (see Qiang Tu v Li Shen, 190 AD3d 1125, 1126 [3d Dept 2021]; Lai v Montes, 182 AD3d 646, 648 [3d Dept 2020]). Specifically, the fact that respondent sent correspondence to various judges had no effect on the finality of the arbitration award and does not constitute a reasonable excuse for defaulting in the confirmation proceeding. Moreover, the wholly speculative allegations of fraud do not constitute a reasonable defense on the merits (compare Baptist Health Nursing & Rehabilitation Ctr., Inc. v Baxter, 140 AD3d 1386, 1387 [3d Dept 2016]). Moreover, respondent's asserted defense, that the arbitrator was biased, is unsubstantiated by any evidence (see Fleury v Amedore Homes, Inc., 107 AD3d 1088, 1089 [3d Dept 2013]). Accordingly, Supreme Court properly denied respondent's motion to vacate the default.
Egan Jr., J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.