Matter of Wasserman v Farkas (2023 NY Slip Op 04776)

Matter of Wasserman v Farkas

2023 NY Slip Op 04776

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-09669
 (Index No. 514094/19)

[*1]In the Matter of Sam Wasserman, etc. petitioner- appellant, 
v
Fay Farkas, etc., respondent; Fidelity National Title Insurance Company, et al., intervenors- respondents.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains, NY (Robert A. Spolzino, Mark Goreczny, and Lisa Colosi Florio of counsel), for petitioner-appellant.
Fidelity National Law Group, New York, NY (Adam B. Kaplan of counsel), for intervenors-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated May 30, 2019, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Bruce M. Balter, J.), dated November 20, 2020. The order and judgment granted the motion of the intervenors, Fidelity National Title Insurance Company and Commonwealth Land Title Insurance Company, for leave to intervene in the proceeding, denied the petitioner's motion, inter alia, to confirm the arbitration award, granted the cross-motion of the intervenors to vacate the arbitration award, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
On September 19, 2006, title to a condominium unit located in Brooklyn was transferred to the respondent, Fay Farkas. In an affidavit of confession of judgment sworn to May 7, 2015, Farkas confessed judgment and authorized entry of judgment in favor of Fidelity National Title Insurance Company (hereinafter Fidelity) and Commonwealth Land Title Insurance Company (hereinafter Commonwealth). On September 29, 2015, a judgment of confession was entered against Farkas in the Supreme Court. In April 2019, the sheriff served upon Farkas a notice of sheriff's sale, which stated that if the judgment in favor of Fidelity and Commonwealth was not satisfied, the condominium unit would be sold by auction in August 2019.
In May 2019, the petitioner, Sam Wasserman, and Farkas agreed to arbitrate the issue of who rightfully owned the condominium unit before a rabbinical court. In an award dated May 30, 2019, the rabbinical court found that Wasserman was the rightful owner of the condominium unit.
In June 2019, Wasserman commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award and moved, inter alia, to confirm the award. In July 2019, Fidelity and Commonwealth moved for leave to intervene in the proceeding, and, thereafter, cross-moved to vacate the award. By order and judgment dated November 20, 2020, the Supreme Court granted the motion for leave to intervene, denied the motion, inter alia, to confirm the award, granted the [*2]cross-motion to vacate the award, denied the petition, and dismissed the proceeding. Wasserman appeals.
"Upon a timely motion, a person is permitted to intervene as of right in an action involving the disposition of property where that person may be adversely affected by the judgment (see CPLR 1012[a][3]). In addition, a court, in its discretion, may permit a person to intervene, inter alia, when the person's claim or defense and the main action have a common question of law or fact (see CPLR 1013). Whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance since a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings" (Windward Bora, LLC v PNC Bank, N.A., 208 AD3d 615, 616 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 784-785; Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 676-677).
Here, Fidelity and Commonwealth were entitled to intervene as of right pursuant to CPLR 1012(a) since they established that the representation of their interest by the parties would be inadequate, that the proceeding involved the disposition of title to real property, and that they would be bound and adversely affected by a judgment (see id. § 1012[a][2], [3]; Consumer Solutions, LLC v Charles, 187 AD3d 1134; US Bank N.A. v Carrington, 179 AD3d 743, 743; Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 164 AD3d 1394, 1396).
An arbitration award shall be vacated if "a party's rights were impaired by an arbitrator who 'exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made'" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90, quoting CPLR 7511[b][1][iii]; see Matter of City of Yonkers v Police Benevolent Assn. of the City of Yonkers, 210 AD3d 765, 767). "'[A]n arbitrator 'exceed[s] his [or her] power' under the meaning of [CPLR 7511(b)(1)(iii)] where [the] 'award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d at 90, quoting Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336; see Matter of Panos v Mid Hudson Med. Group, P.C., 204 AD3d 1016, 1017-1018). "The burden is on the movant to establish grounds for vacatur by clear and convincing evidence" (Matter of Panos v Mid Hudson Med. Group, P.C., 204 AD3d at 1018).
Here, the Supreme Court properly granted the cross-motion to vacate the arbitration award and denied the petition to confirm the award on the basis that the award was irrational (see CPLR 7511[b][1][iii]; American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70). The court properly determined that the arbitrator's decision was irrational, as there was no evidence to support the rabbinical court's determination that Wasserman was the owner of the condominium unit (see Matter of County of Nassau v Nassau County Investigators Police Benevolent Assn., Inc., 203 AD3d 824, 827).
The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination.
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court