Matter of Douglas Elliman of LI, LLC v O'Callaghan (2023 NY Slip Op 05401)

Matter of Douglas Elliman of LI, LLC v O'Callaghan

2023 NY Slip Op 05401

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
HELEN VOUTSINAS, JJ.

2022-01510
 (Index No. 609892/21)

[*1]In the Matter of Douglas Elliman of LI, LLC, etc., respondent, 
v
Conor O'Callaghan, et al., appellants.

De Lotto & Fajardo LLP, Rhinebeck, NY (Eduardo A. Fajardo of counsel), for appellants.
Cole Chester LLP, New York, NY (Michael S. Cole of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated May 25, 2021, in which Conor O'Callaghan and Tina O'Callaghan cross-petitioned, inter alia, to vacate the award, Conor O'Callaghan and Tina O'Callaghan appeal from a judgment of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered January 19, 2022. The judgment, upon an order of the same court entered December 28, 2021, granting the petition and denying the cross-petition, is in favor of the petitioner and against Conor O'Callaghan and Tina O'Callaghan in the total sum of $169,725.
ORDERED that the judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award dated May 25, 2021. The arbitrator determined that Conor O'Callaghan and Tina O'Callaghan (hereinafter together the O'Callaghans) were obligated to pay a commission fee of $154,500 pursuant to a written agreement with the petitioner in relation to the sale of certain real property in Manhasset. The arbitration award directed the O'Callaghans to pay the commission fee plus the costs of arbitration. The O'Callaghans cross-petitioned, inter alia, to vacate the arbitration award. In an order entered December 28, 2021, the Supreme Court granted the petition and denied the cross-petition. Subsequently, a judgment was entered upon the order in favor of the petitioner and against the O'Callaghans. The O'Callaghans appeal from the judgment.
"[J]udicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). CPLR 7511(b) enumerates the limited grounds upon which an award may be vacated, including, as relevant here, that the arbitrator exceeded his or her authority (see id. § 7511[b][1][iii]; American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70). "An arbitrator exceed[s] [his or her] power within the meaning of the CPLR only when [he or she] issue[s] an award that violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Village of Spring Val. v Civil Serv. Empls. Assn., Inc., 214 AD3d 818, 819 [internal quotation marks omitted]; see American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d at 70). "A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence" (Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 185 AD3d 811, 812; see Matter of Village of Spring Val. v Civil Serv. Empls. Assn., Inc., [*2]214 AD3d at 819-820). "Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326; see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 91).
Here, the O'Callaghans failed to establish any ground for vacatur by clear and convincing evidence. The award, which rested upon an interpretation of the written agreement and subsequent correspondence between the parties, was not irrational (see Matter of City of Yonkers v Police Benevolent Assn. of the City of Yonkers, 210 AD3d 765, 767; Matter of CEO Bus. Brokers, Inc. v 1431 Utica Ave. Corp., 187 AD3d 1185, 1186; Matter of Dedvukaj v Shkreli, 180 AD3d 895, 897).
The O'Callaghans' contention that the arbitration award violated strong public policy underlying the requirements of Real Property Law § 443(3)(a), raised for the first time on appeal, is not properly before this Court (see Matter of Dedvukaj v Shkreli, 180 AD3d at 897).
Accordingly, the Supreme Court properly granted the petition to confirm the arbitration award and denied the cross-petition, inter alia, to vacate the arbitration award.
CONNOLLY, J.P., BRATHWAITE NELSON, CHAMBERS and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court