Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO (2024 NY Slip Op 06335)

Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO

2024 NY Slip Op 06335

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-09306
 (Index No. 61013/21)

[*1]In the Matter of City of Yonkers, appellant, 
v
Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, respondent.

Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney and Nicholas S. Cortese of counsel), for appellant.
Blitman & King LLP, Syracuse, NY (Paul K. Brown and Richard S. Corenthal of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated May 24, 2021, the petitioner appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated December 9, 2021. The order denied the petition, confirmed the award, and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
In August 2021, the City of Yonkers commenced this proceeding pursuant to CPLR article 75 against the Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO (hereinafter the Union) to vacate an arbitration award dated May 24, 2021, regarding a procedure to address the separation of an employee's employment under Civil Service Law § 71 (hereinafter the arbitration award). The arbitration award, inter alia, granted the Union's proposals for a procedure that governs employee termination proceedings under Civil Service Law § 71. In an order dated December 9, 2021, the Supreme Court denied the petition, confirmed the arbitration award, and, in effect, dismissed the proceeding. The City appeals. We affirm.
"Judicial review of arbitration awards is extremely limited" (Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 185 AD3d 811, 811). CPLR 7511(b)(1)(iii) provides, in relevant part, that an arbitration award "shall be vacated on the application of a party who . . . participated in the arbitration . . . if the court finds that the rights of that party were prejudiced by . . . an arbitrator [who] exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90-91). "[A]n arbitrator 'exceed[s] his [or her] power' under the meaning of [CPLR 7511(b)(1)(iii)] where [the] 'award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d at 90, quoting Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336; see Matter of City of Yonkers v Police Benevolent Assn. of the City of Yonkers, 210 AD3d 765, 767). "The burden is on the movant to establish grounds for vacatur by clear and convincing evidence" (Matter of City of Yonkers v Police [*2]Benevolent Assn. of the City of Yonkers, 210 AD3d at 767 [internal quotation marks omitted]).
Contrary to the City's contention, the arbitration panel did not exceed its power (see CPLR 7511[b][1][iii]) inasmuch as the subject of "the pretermination procedures used in implementing Civil Service Law § 71" is not among those "excluded from collective bargaining as a matter of policy" (Matter of City of Long Beach v New York State Pub. Empl. Relations Bd., 39 NY3d 17, 22 [internal quotation marks omitted]). The public policy considerations invoked by the City fail to meet the strict standards for overturning arbitration awards on public policy grounds (see Matter of Subway Surface Supervisors Assn. v New York City Tr. Auth., 153 AD3d 1264, 1265; Matter of Town of Huntington v Local 342, Long Is. Pub. Serv. Empls., United Mar. Div., Intl. Longshoremen's Assn., AFL-CIO, 218 AD2d 702, 703).
Moreover, even if the arbitration panel had exceeded its power, the City also failed to demonstrate by clear and convincing evidence that its rights were prejudiced (see CPLR 7511[b][1][iii]; Matter of Meisels v Uhr, 79 NY2d 526, 535; see also Matter of City of Long Beach v New York State Pub. Empl. Relations Bd., 39 NY3d at 22).
Accordingly, the Supreme Court properly denied the petition, confirmed the award and, in effect, dismissed the proceeding.
DUFFY, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court