Matter of Nassau County Sheriff's Corr. Officers Benevolent Assn., Inc. v Nassau County (2025 NY Slip Op 02920)

Matter of Nassau County Sheriff's Corr. Officers Benevolent Assn., Inc. v Nassau County

2025 NY Slip Op 02920

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-00057
 (Index No. 606544/21)

[*1]In the Matter of Nassau County Sheriff's Correction Officers Benevolent Association, Inc., appellant,
v
Nassau County, respondent.

Isaacs Devasia Castro & Wien LLP, New York, NY (Liam L. Castro of counsel), for appellant.
Keane & Beane, P.C., Melville, NY (Richard K. Zuckerman of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated February 23, 2021, the petitioner appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered November 29, 2021. The order denied the petition, confirmed the arbitration award, and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner, Nassau County Sheriff's Correction Officers Benevolent Association, Inc. (hereinafter the Union), and the respondent, Nassau County, entered into a collective bargaining agreement (hereinafter the CBA) that was effective from January 1, 1998, through December 31, 2004. Although the CBA expired, many of its terms, including a particular provision presently at issue, remained in effect.
In April 2020, the Union filed a grievance asserting that the County had violated section 38-14.2 of the CBA when it declined to credit compensatory time for Union members who were required to report to work while other members were directed to stay home due to, inter alia, COVID-19 exposure, during a state of emergency declared by the County in response to the COVID-19 pandemic. The parties subsequently proceeded to arbitration. After a hearing, the arbitrator issued an award in favor of the County, denying the grievance. The arbitrator determined that the County had not violated section 38-14 of the CBA because that provision did not apply to the instant circumstances.
Thereafter, the Union commenced this proceeding pursuant to CPLR article 75 to vacate the arbitration award. By order entered November 29, 2021, the Supreme Court denied the petition, confirmed the arbitration award, and, in effect, dismissed the proceeding. The Union appeals.
"Judicial review of arbitration awards is extremely limited" (Matter of Long Beach Professional Firefighters Assn. v City of Long Beach, 214 AD3d 735, 736 [internal quotation marks [*2]omitted]; see Matter of Hempstead Classroom Teachers Assn. v Hempstead Union Free Sch. Dist., 203 AD3d 1046, 1046). "Courts may vacate an arbitrator's award only on the grounds stated in CPLR 7511(b)" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336; see Matter of Douglas Elliman of LI, LLC v O'Callaghan, 220 AD3d 945, 947). The only such ground asserted here is that the arbitrator "exceeded his power" (CPLR 7511[b][1][iii]). "Such an excess of power occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d at 336; see Matter of Long Beach Professional Firefighters Assn. v City of Long Beach, 214 AD3d at 736; Matter of City of Yonkers v Police Benevolent Assn. of the City of Yonkers, 210 AD3d 765, 767).
"The burden is on the [petitioner] to establish grounds for vacatur by clear and convincing evidence" (Matter of Long Beach Professional Firefighters Assn. v City of Long Beach, 214 AD3d at 736-737; see Matter of Douglas Elliman of LI, LLC v O'Callaghan, 220 AD3d at 947; Matter of City of Yonkers v Police Benevolent Assn. of the City of Yonkers, 210 AD3d at 767). "'Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one'" (Matter of City of Yonkers v Police Benevolent Assn. of the City of Yonkers, 210 AD3d at 767 [internal quotation marks omitted], quoting Matter of Dedvukaj v Shkreli, 180 AD3d 895, 897; see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d at 336; Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 82-83).
"An arbitration award is irrational only where there is no evidence whatever to justify the award, or where the award gave a completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties" (Matter of Dedvukaj v Shkreli, 180 AD3d at 897; see Matter of Reddy v Schaffer, 123 AD3d 935, 937). Here, the Union failed to demonstrate by clear and convincing evidence that the arbitration award should be vacated on the ground that it was irrational (see Matter of Long Beach Professional Firefighters Assn. v City of Long Beach, 214 AD3d at 736; Matter of Dedvukaj v Shkreli, 180 AD3d at 897). Contrary to the Union's contention, the arbitration award, which rested upon an interpretation of the CBA, was supported by the record, was not irrational, and did not rewrite the terms of the CBA (see Matter of City of Yonkers v Police Benevolent Assn. of the City of Yonkers, 210 AD3d at 767).
Accordingly, the Supreme Court properly denied the petition, confirmed the arbitration award, and, in effect, dismissed the proceeding (see Matter of Long Beach Professional Firefighters Assn. v City of Long Beach, 214 AD3d at 736; Matter of City of Yonkers v Police Benevolent Assn. of the City of Yonkers, 210 AD3d at 767; Matter of Dedvukaj v Shkreli, 180 AD3d at 897).
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court