Matter of Oasis Med. & Surgical Wellness v New Jersey Mfrs. Ins. Co. (2025 NY Slip Op 05952)

Matter of Oasis Med. & Surgical Wellness v New Jersey Mfrs. Ins. Co.

2025 NY Slip Op 05952

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-11688
 (Index No. 604183/23)

[*1]In the Matter of Oasis Medical and Surgical Wellness, etc., appellant, 
v
New Jersey Manufacturers Insurance Co., respondent.

Roman Kravchenko, Melville, NY (Jason Tenenbaum of counsel), for appellant.
Lawrence N. Rogak LLC, Oceanside, NY (Melnia Cordis of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated February 12, 2023, the petitioner appeals from an order of the Supreme Court, Nassau County (Lisa A. Cairo, J.), entered August 28, 2023. The order denied the petition.
ORDERED that the order is affirmed, with costs.
The petitioner, Oasis Medical and Surgical Wellness (hereinafter Oasis), sought payment of no-fault insurance benefits from the respondent, New Jersey Manufacturers Insurance Co. (hereinafter NJM), for medical services provided to an insured in New Jersey in connection with a motor vehicle accident that occurred in New York. After NJM denied the claim, Oasis commenced an arbitration proceeding in a New York forum. In an award dated November 19, 2022, the arbitrator dismissed the proceeding without prejudice on the ground that New Jersey was the proper forum for the proceeding. Oasis appealed this award to a master arbitrator, who affirmed the dismissal in an award dated February 12, 2023, applying the doctrine of forum non conveniens. Thereafter, Oasis commenced this proceeding pursuant to CPLR article 75 to vacate the master arbitration award. In an order entered August 28, 2023, the Supreme Court denied the petition. Oasis appeals.
"'[J]udicial review of arbitration awards is extremely limited'" (Matter of Richardson v Markovich, 227 AD3d 999, 1000, quoting Matter of Briscoe Protective, LLC v North Fork Surgery Ctr., LLC, 215 AD3d 956, 957). "A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence" (Matter of Douglas Elliman of LI, LLC v O'Callaghan, 220 AD3d 945, 947 [internal quotation marks omitted]; see Matter of Dluhy v Sive, Paget & Riesel, P.C., 220 AD3d 659, 659). "CPLR 7511(b) enumerates the limited grounds upon which an award may be vacated, including . . . that the arbitrator exceeded his or her authority" (Matter of Douglas Elliman of LI, LLC v O'Callaghan, 220 AD3d at 946; see Matter of Dluhy v Sive, Paget & Riesel, P.C., 220 AD3d at 659). "An arbitrator exceeds his or her power within the meaning of the CPLR only when he or she issues an award that violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Douglas Elliman of LI, LLC v O'Callaghan, 220 AD3d at 946 [alterations and internal quotation marks omitted]; see Matter of Richardson v Markovich, 227 AD3d at 1000). "An arbitration award is irrational only where there is no evidence whatever to justify the award" (Matter [*2]of Dedvukaj v Shkreli, 180 AD3d 895, 897; see Matter of Richardson v Markovich, 227 AD3d at 1000).
Here, since the parties resided in New Jersey, the medical care was provided in New Jersey, the insurance contract was made in New Jersey, and New Jersey substantive law applies, Oasis failed to establish by clear and convincing evidence that no evidence whatever justified the award (see Matter of Douglas Elliman of LI, LLC v O'Callaghan, 220 AD3d at 946; Matter of Dedvukaj v Shkreli, 180 AD3d at 897). "The fact that the accident occurred in New York is insufficient by itself to provide the substantial nexus required to warrant the retention of jurisdiction" (DelGrosso v Carroll, 185 AD3d 901, 904; see Fajardo v Alejandro, 126 AD3d 644, 645).
Contrary to Oasis's contention, NJM did not waive its right to challenge the forum by making use of a New York State insurance form or by failing to raise the issue in its initial submission to the arbitrator (see Matter of Long Is. Power Auth. Hurricane Sandy Litig., 165 AD3d 1138, 1143).
Oasis's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the petition to vacate the master arbitration award.
We decline NJM's request to impose sanctions against Oasis for taking an allegedly frivolous appeal (see 22 NYCRR 130-1.1; Matter of O'Donoghue v O'Donoghue, 214 AD3d 876, 877).
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court