Local Union No. 3 Intl. Bhd. of Elec. Workers v Centennial El. Indus., Inc.
2026 NY Slip Op 03437
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Local Union No. 3 International Brotherhood of Electrical Workers, et al., respondents,
v
Centennial Elevator Industries, Inc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-11316, (Index No. 718162/23)
Cheryl E. Chambers, J.P.
Deborah A. Dowling
Lillian Wan
Elena Goldberg Velazquez, JJ.

LoPresti Law PLLC, Massapequa, NY (Genevieve Lane LoPresti of counsel), for appellant.
Archer, Byington, Glennon & Levine LLP, Melville, NY (Damien O. Maree and Marty Glennon of counsel), for respondents.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated July 26, 2023, Centennial Elevator Industries, Inc., appeals from an order of the Supreme Court, Queens County (Robert J. Caloras, J.), dated May 28, 2024. The order, insofar as appealed from, denied with leave to renew that branch of the motion of Centennial Elevator Industries, Inc., which was to vacate its default in answering the petition.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 31, 2023, the petitioners commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award dated July 26, 2023, in favor of the petitioners and against Centennial Elevator Industries, Inc. (hereinafter Centennial Elevator). Pursuant to a memorandum decision dated October 20, 2023, the Supreme Court granted the petition, without opposition.
In November 2023, Centennial Elevator moved, inter alia, to vacate its default in answering the petition. In support of its motion, Centennial Elevator submitted evidence that the attorney who had represented it in the underlying arbitration died five days prior to the commencement of this proceeding. Centennial Elevator contended that it was unaware of its default in this proceeding until after the memorandum decision had been issued. Centennial Elevator also contended, among other things, that it had potentially meritorious defenses to the petition under CPLR 7511(b)(1), including that the arbitration award was affected by fraud or misconduct and that the award was the result of bias of the arbitrator.
In an order dated May 28, 2024, the Supreme Court, inter alia, denied with leave to renew that branch of Centennial Elevator's motion which was to vacate its default in answering the petition, on the ground that Centennial Elevator had failed to provide support for its contentions that it had potentially meritorious defenses to the petition. Centennial Elevator appeals.
A party seeking to vacate a default in answering a petition must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the petition (see Matter [*2]of Liberty Mut. Ins. Co. v Fiduciary Ins. Co. of Am., 111 AD3d 731, 731-732). "[J]udicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). "[A]n arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice" (id. at 479-480). "CPLR 7511(b) enumerates the limited grounds upon which an award may be vacated" (Matter of Douglas Elliman of LI, LLC v O'Callaghan, 220 AD3d 945, 946).
Here, contrary to Centennial Elevator's contention, it failed to set forth a potentially meritorious defense to the petition based on any of the grounds set forth in CPLR 7511 (see id. § 7511[b][1]; Matter of Greco [Devillez], 212 AD3d 963, 965; Kanarick v Myshkoff, 299 AD2d 169). Accordingly, the Supreme Court properly denied that branch of Centennial Elevator's motion which was to vacate its default in answering the petition (see Drazek v Vital Transp., Inc., 135 AD3d 898, 899; Matter of Weinstock v Lieberman, 128 AD3d 980, 980-981).
The parties' remaining contentions are without merit.
Since Centennial Elevator failed to show by clear and convincing evidence a basis for vacating the award pursuant to CPLR 7511, the Supreme Court properly denied that branch of Centennial Elevator's motion which was to vacate its default in answering the petition.
CHAMBERS, J.P., DOWLING, WAN and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court