Matter of Findlay v MTA Bus Co. (2020 NY Slip Op 03611)





Matter of Findlay v MTA Bus Co.


2020 NY Slip Op 03611


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Mazzarelli, Webber, Kern, Moulton, JJ.


11709 654528/19

[*1] In re Michael Findlay, Petitioner-Appellant,
v
MTA Bus Company, et al., Respondents-Respondents.


Law Office of Jason Tenenbaum, P.C., Garden City (Jason Tenenbaum of counsel), for appellant.
Jones Jones, LLC, New York (Jacqueline R. Mancino of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered October 21, 2019, which, inter alia, denied the petition brought pursuant to CPLR article 75 to vacate a master arbitration award, dated June 17, 2019, affirming the award of the lower arbitrator denying petitioner no-fault benefits, and granted respondent MTA Bus Company's application to confirm the master arbitration award, unanimously affirmed, without costs.
The master arbitrator reviewed the no-fault arbitrator's determination and the parties' submissions regarding petitioner's lost wage claim. The master arbitrator's award was based upon the evidence presented and was not irrational (see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90-91 [2010]). Petitioner submitted numerous no-fault forms and tax forms which contained contradictory evidence regarding his employer, job title and relationship to his employer. These documents were also contradictory as to the amount of his contractual pay rate, how often he was paid, his last day of work, and how much income he actually received.
Petitioner's testimony, both at the arbitration hearing and at a prior deposition, also contained conflicting information regarding his lost wage claim. The no-fault arbitrator found that petitioner's testimony was "contradictory and unsupported," and as acknowledged by the master arbitrator such credibility determinations were within the arbitrator's discretion to make (see Matter of Miller v Elrac, LLC, 170 AD3d 436 [1st Dept 2019], lv denied 33 NY3d 907 [2019]).
Finally, the arbitrator acted within her authority to refuse to consider petitioner's employment contract which had been previously requested but not submitted prior to the close of evidence. Accordingly, the master arbitrator properly only considered the record before the no-fault arbitrator.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK