Matter of Cooper (Roswell Park Comprehensive Cancer Ctr.) (2025 NY Slip Op 02445)

Matter of Cooper (Roswell Park Comprehensive Cancer Ctr.)

2025 NY Slip Op 02445

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

110 CA 23-01879

[*1]WENDY COOPER AND WAYNE SPENCE, AS PRESIDENT OF THE NEW YORK STATE PUBLIC EMPLOYEES FEDERATION, AFL-CIO, PETITIONERS-RESPONDENTS, AND ROSWELL PARK COMPREHENSIVE CANCER CENTER, ALSO KNOWN AS ROSWELL PARK CANCER INSTITUTE, CANDACE JOHNSON, PH.D., AS PRESIDENT AND CEO, BOARD OF TRUSTEES OF ROSWELL PARK COMPREHENSIVE CANCER CENTER, MICHAEL L. JOSEPH, AS CHAIRMAN OF BOARD OF DIRECTORS OF ROSWELL PARK COMPREHENSIVE CANCER CENTER AND GREGORY F. DANIEL, M.D., MMA, AS PRESIDENT OF BOARD OF DIRECTORS OF ROSWELL PARK COMPREHENSIVE CANCER CENTER, RESPONDENTS-APPELLANTS. 

BOND, SCHOENECK & KING PLLC, BUFFALO (MICHAEL E. HICKEY OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
EDWARD J. GREENE, JR., ALBANY (JENIFER M. WHARTON OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered September 29, 2023. The order, insofar as appealed from, granted the petition, vacated an arbitration award, reinstated petitioner Wendy Cooper to her employment and directed the parties to negotiate any questions of retroactive pay and benefits, and denied the application of respondents to confirm the arbitration award. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the petition is denied, the application is granted, the arbitration award is confirmed and the second and third ordering paragraphs are vacated.
Memorandum: In this CPLR article 75 proceeding to vacate an arbitration award, respondents appeal from an order insofar as it granted the petition seeking to vacate the award, effectively denied respondents' application to confirm the award, reinstated petitioner Wendy Cooper (petitioner), a former registered nurse employed by respondent Roswell Park Comprehensive Cancer Center (Roswell Park), and directed the parties to negotiate any questions of retroactive pay and benefits.
In 2021, consistent with respondents' then-existing obligation under 10 NYCRR 2.61 (repealed by NY St Reg, Oct. 4, 2023 at 22) to ensure that certain personnel be fully vaccinated against COVID-19, respondents directed petitioner to receive her first dose of the COVID-19 vaccine. Petitioner did not comply, Roswell Park suspended her without pay and issued a Notice of Discipline in accordance with the relevant collective bargaining agreement (CBA) with petitioner's union, and she responded by, inter alia, demanding arbitration. During the arbitration proceedings, litigation in an unrelated matter resulted in a declaration that 10 NYCRR 2.61 is null and void (Medical Professionals for Informed Consent v Bassett, 78 Misc 3d 482, 492 [Sup Ct, Onondaga County 2023] [MPIC]). In the arbitration award, however, the arbitrator concluded that his jurisdiction was limited to interpreting and applying the provisions of the [*2]CBA and thus the determination in MPIC did not require a particular result in the instant arbitration. The arbitrator further concluded that respondents met their burden of establishing misconduct and that the misconduct prevented petitioner from performing her job duties. Thus, the arbitrator concluded that respondents had probable cause to suspend her and just cause to issue the Notice of Discipline and terminate her employment.
Petitioners commenced this CPLR article 75 proceeding seeking to vacate the arbitration award and, in their answer, respondents sought an order confirming the award (application). Following oral argument, Supreme Court concluded that the arbitrator's award violated public policy, that it was irrational, and that vacatur was in the interest of justice inasmuch as the award ignored the determination in MPIC that 10 NYCRR 2.61 is null and void. Thus, the court, inter alia, granted the petition, effectively denied the application, vacated the arbitration award, ordered that petitioner be reinstated, and ordered that the parties negotiate any questions of retroactive pay and benefits. We reverse the order insofar as appealed from.
A court's authority to vacate an arbitrator's award is limited to the grounds set forth in CPLR 7511 (b), which permits vacatur of an award where the arbitrator, as relevant here, "exceed[s] [their] power" (CPLR 7511 [b] [1] [iii]) by issuing an " 'award [that] violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90 [2010], quoting Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]). Where, as here, the parties agree to submit their dispute to an arbitrator pursuant to a collective bargaining agreement, "[c]ourts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]). "The party seeking to vacate an arbitration award thus bears a heavy burden to establish that the arbitrator exceeded their power" (Matter of Buffalo Teachers' Fedn. [Board of Educ. of Buffalo City Sch. Dist.], 227 AD3d 1435, 1436 [4th Dept 2024]).
We agree with respondents that the court "erred in vacating the award on the ground that it was against public policy because petitioners failed to meet their heavy burden to establish that the award in this employer-employee dispute violated public policy" (Matter of Spence [State Univ. of N.Y.], 230 AD3d 1559, 1561 [4th Dept 2024]; see Matter of Rochester City School Dist. [Rochester Assn. of Paraprofessionals], 34 AD3d 1351, 1351-1352 [4th Dept 2006], lv denied 8 NY3d 807 [2007]). We further agree with respondents that the court "erred in vacating the award on the ground that it was irrational" (Spence, 230 AD3d at 1561). " 'An award is irrational if there is no proof whatever to justify the award' " (Buffalo Teachers' Fedn., 227 AD3d at 1437). Where, however, "an arbitrator 'offer[s] even a barely colorable justification for the outcome reached,' the arbitration award must be upheld" (Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1122 [4th Dept 2013], lv denied 21 NY3d 863 [2013]). Here, inasmuch as it is undisputed that Roswell Park directed petitioner to receive the vaccine by a date certain, that it apprised her that her continued employment was dependent upon her compliance, and that petitioner refused to be vaccinated by the required date, the court erred in concluding that the arbitrator's award was irrational (see Spence, 230 AD3d at 1561-1562). Further, the court was not permitted to vacate the award merely because it believed vacatur would better serve the interest of justice (see generally New York State Correctional Officers & Police Benevolent Assn., 94 NY2d at 326).
In light of our determination, we do not address respondents' remaining contentions.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court